## Case No. 2,490.

### CASE v. CLARKE.

[5 Mason, 70.] [1]

Circuit Court, D. Rhode Island. June Term, 1828.

#### CITIZENSHIP—DOMICILE—INTENTION.

1. To constitute a person a citizen of a state, so as to sue in the courts of the United States, he must have a domicil in such state.

[Cited in Burnham v. Rangeley, Case No. 2,-176; Prentiss v. Brennan, Id. 11,385; Poppenhauser v. India-Rubber Comb Co., 14 Fed. 708; Ward v. Blake Manuf'g Co., 5 C. C. A. 538, 56 Fed. 440.]

2. If he removes into a state animo manendi, that is sufficient, whatever may be his motive for removal. But a mere temporary change of place, without any intention of permanent residence, constitutes no change of domicil.

[Cited in Cheever v. Wilson, 9 Wall. (76 U. S.) 123; Morris v. Gilmer, 129 U. S. 328, 9 Sup. Ct. 293.]

Case for defamation. The writ averred the plaintiff [Benjamin W. Case] to be a citizen of Massachusetts, and the defendant [Joshua Clarke] to be a citizen of Rhode Island. Plea to the jurisdiction, that the plaintiff is a citizen of Rhode Island, and not a citizen of Massachusetts, as alleged in the writ, and issue thereon. At the trial it appeared, that the writ was dated on the 29th of September, 1827, and was served on the 30th of the same month. The plaintiff was a physician, resident in Newport, Rhode Island, having his home there, and practising his profession. About the 28th of September, 1827, he went with his wife to Troy, Massachusetts, and took lodgings in a house there at board, avowedly for a few days only, and said, that his stay was uncertain. He remained there only two days, and then returned to Newport with his wife, saying, that he must visit his patients in Rhode Island. This was the whole evidence of citizenship.

Turner and Pearce, for plaintiff.
Mr. Searle, for defendant.

STORY, Circuit Justice. It appears to me very clear, that there is no sufficient proof, that the plaintiff is a citizen of Massachusetts. To effect that purpose it should be established, that there was a bona fide change of domicil. I do not say, that we can inquire into the motives for the change, or the reasons, which influence a man to remove from one state to another. Be these motives or reasons what they may, there must still be a bona-fide intention of removal, and a real change of domicil. If a person, wishing to commence suits in the courts of the United States, instead of the state courts, chooses to remove into another state, and executes such intention bona fide, he may thereby change his citizenship. But his removal must be a real one, animo manendi, and not merely ostensible. Now in

[1] [Reported by William P. Mason, Esq.]

the present case, no person can wink so hard as not to see, that the plaintiff never had any intention to change his domicil. He went to Troy upon a mere temporary visit, for a transient purpose, and apparently for the sole purpose of suing out and serving the present process. He returned as soon as the service was completed; and resumed his business as usual. How can such acts, construing them most favourably for him, demonstrate any intentional change of his common domicil? As well might a man passing into another state in the progress of a journey of business or pleasure claim to be a citizen of such state. There must be some plain overt acts establishing a real removal of domicil. The return here followed too soon upon the removal not to demonstrate, that it was merely an ostensible, and not a real change of domicil. I, for one, feel no desire to encourage attempts of this nature; and am willing, that the state courts should retain all the jurisdiction over causes originating between the citizens of the same state.

Verdict for the defendant.