MATTER OF PENDON

In Exclusion Proceedings

A-17230529

*Decided by Board October 21, 1971*

Applicant's motion to reopen the exclusion proceedings to permit her to apply for the benefits of section 241(f) of the Immigration and Nationality Act, as amended, based on the birth of a United States citizen child, is denied since the birth of a citizen child confers no benefits under section 241(f) of the Act upon an alien in exclusion proceedings.

EXCLUDABLE: ACT of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—
Immigrant without visa.

ON BEHALF OF APPLICANT: Lloyd A. Tasoff, Esquire
408 South Spring Street
Los Angeles, California 90013

On December 5, 1969 we dismissed a joint appeal filed by the applicant, her husband, her sister, and her infant child, all aliens, from an order of a special inquiry officer excluding them from admission to the United States. The unopposed motion before us, filed by the above-named applicant alone, requests reopening in order that she may present evidence that on December 20, 1969, she gave birth to a child who is a United States citizen. She asserts that as the mother of a citizen child, she is within the purview of section 241(f) of the Immigration and Nationality Act and is saved from exclusion and deportation thereby. She also alleges that she is the beneficiary of a visa petition filed April 1, 1968, which should now be considered under the third preference, under which visas are now available to aliens who filed on or before November 16, 1968.

The motion is unsupported, contrary to the requirements of 8 CFR 3.2 and 3.8, and could be denied for that reason alone. However, even assuming the truth of the allegations now set forth, no case for reopening is made out. The motion will be denied.

Section 241(f) in terms renders inapplicable to qualified aliens the "provisions of this section," *i.e.*, section 241 of the Act. That

section prescribes the grounds on which aliens "in the United States" may be ordered deported. The procedure for determining the deportability of aliens within the United States is set forth in section 242 of the Act. The applicant in this case is not an alien in the United States who is the subject of deportation proceedings under sections 241 and 242. She is a paroled alien applicant for admission whose exclusion has been ordered under entirely different provisions of the Act. The distinction between the excludable and deportable classes of aliens has been clearly stated in *Leng May Ma v. Barber*, 357 U.S. 185 (1958), and need not be belabored here. The birth of a citizen child confers no benefits under section 241(f) upon an alien in exclusion proceedings.

Insofar as concerns the claimed availability of an immigrant visa, even if that were the fact it would not warrant reopening the exclusion proceedings. As we pointed out in our order dated December 5, 1969, neither this Board nor a special inquiry officer has power to adjudicate in exclusion proceedings a paroled alien's application for adjustment under section 245 of the Act.

One further item should be noted. The Service has informed us that on August 16, 1971, after the pending motion was filed, the applicant filed a petition in the United States Court of Appeals for the Ninth Circuit for review of our December 5, 1969 order. While the Service does not oppose the motion now pending before us, we see no point to granting the motion, for the reasons above-stated. Were we to grant the motion, we would of course condition our order on the approval of the court in which the petition for review is pending. Since denial of the motion cannot in any way affect the court's jurisdiction, no such conditional order is called for.

**ORDER:** The motion is denied.