MATTER OF GARCIA-QUINTERO

In Exclusion Proceedings

A-12682504

Decided by Board March 4, 1975

The applicant for admission into the United States was arrested for illegal possession of marijuana at the time he last applied for admission into the U.S. in 1972. Because of his conviction for that offense, he was found excludable under the provisions of section 212(a)(23) of the Immigration and Nationality Act. Although he was originally admitted as a lawful permanent resident in 1962, applicant actually lived in Mexico from 1967 to 1970, while working in the United States. Therefore, his application for a waiver of excludability under section 212(c) of the Act was denied as he was statutorily not eligible for such relief.

EXCLUDABLE: Act of 1952—Section 212(a)(23) [8 U.S.C. 1182(a)(23)]—Conviction, violation possession to distribute marijuana.

ON BEHALF OF APPLICANT:    Martin L. Valdez, Esquire
                          1524 East Seventh Street
                          San Bernardino, California 92411

This is an appeal from a decision rendered by an immigration judge on May 10, 1974 which found the applicant excludable from the United States under section 212(a)(23) of the Immigration and Nationality Act and denied his application for a wavier of excludability under section 212(c) of the Act. The appeal will be dismissed.

The applicant, a 37-year-old married male alien, is a native and citizen of Mexico. He was admitted for permanent residence on June 6, 1962. In a sworn statement made on October 23, 1973 before an officer of the Immigration and Naturalization Service, the applicant stated that in approximately October 1967, he commenced living in Mexico while working in the United States. The applicant further stated that he resumed living and working in the United States in 1970.

The applicant was arrested at the International Border on April 3, 1972 for attempting to smuggle 41 kilos of marijuana into the United States. Pursuant to section 212(d)(5) of the Act, he was paroled into the United States for prosecution. On June 26, 1972, he was convicted of the offense of illegal importation of a controlled substance in violation of 21 U.S.C. 952, 960, 963 and of the illegal possession of a controlled sub-

stance with intent to distribute in violation of 21 U.S.C. 841(a)(1). The applicant was sentenced to imprisonment for a period of one year and one day.

At the applicant's exclusion hearing, the immigration judge found the applicant excludable under section 212(a)(23) of the Act. Section 212-(a)(23) provides that:

> Except as otherwise provided in this Act, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:
>
> Any alien who has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana, or who has been convicted of a violation of, or a conspiracy to violate, any law or regulation governing or controlling the taxing, manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, or exportation of opium, coca leaves, heroin, marihuana, or any salt derivative or preparation of opium or coca leaves, or isonipecaine or any addiction-forming or addiction-sustaining opiate; or any alien who the consular officer or immigration officers know or have reason to believe is or has been an illicit trafficker in any of the aforementioned drugs.

We agree with the immigration judge that the applicant is excludable from the United States under section 212(a)(23) of the Act.

The immigration judge denied the applicant's section 212(c) waiver of excludability application on the ground that the applicant was not statutorily eligible for that form of discretionary relief since he was not returning to an unrelinquished domicile of seven years. Furthermore, the immigration judge stated that even if the applicant were statutorily eligible for a section 212(c) waiver, he would deny the relief as a matter of administrative discretion. We agree with the immigration judge's decision that the applicant is not only statutorily ineligible for the benefit he seeks but he also is not deserving of a favorable exercise of discretion.

Section 212(c) provides that:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of paragraph (1) through (25) and paragraphs (30) and (31) of subsection (a) . . . .

Although we concede that the applicant maintained his permanent resident status during the period he was commuting [1] to the United States to work, from October 1967 to 1970, we cannot agree with his contention that he maintained, during that period, his domicile in this country.

The question of domicile is mainly a question of fact to be determined

---

[1] *Saxbe* v. *Bustos*, 419 U.S. 65 (1974).

by analyzing numerous factors. In *Garner* v. *Pearson*, 374 F. Supp. 580, 589, (M.D. Fla. 1973), the court stated that:

> No one factor is controlling, but among the factors considered by the courts are: the place where political and civil rights are exercised, taxes paid, real and personal property located, driver's and other licenses obtained, location of club and church membership, and places of business or employment. See cases collected in Moore's Federal Practice, vol. 1, § 0.74(3.), fn. 20.

In *Rosenstiel* v. *Rosenstiel*, 369 F. Supp. 51 (S.D.N.Y. 1973), the court stated that in certain circumstances, the determination of domicile involves a comparison of the weight of the evidence, of the actual facts as to residence and defendant's real attitude and intention as disclosed by his entire course of conduct. In *Matter of C—*, 2 I. & N. Dec. 168, 170 (BIA 1944), we stated that "[i]n the final analysis, the issue in the case before us [question of domicile] is simply one of fact."

In *Garner* v. *Pearson*, supra at 590, the court stated that:

> Domicile is usually a matter of physical presence. When this physical presence is coupled with an intention of making it a home, change in domicile is instantaneous. *Case* v. *Clarke*, 5 Fed. Case 254, 5 Mason 70 (1828) (J. Story). Where, however, there is no true intent to make a place a permanent home, domicile cannot be said to lie there. Id. A court should not inquire into the motives for a change in domicile.

In the present case, the factual question which must be answered is whether the applicant not only physically resided in Mexico between 1967 and 1970, but also whether he had either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere, *Gilbert* v. *David*, 235 U.S. 561, 569–570; *Gallagher* v. *Philadelphia Transportation Co.*, 185 F.2d 543, 546–547 (C.A. 3, 1950); *Stifel* v. *Hopkins*, 477 F.2d 1116, 1121–1122 (C.A. 6, 1973). In the applicant's own affidavit, dated October 23, 1973, he made the following statement:

> . . . I immigrated to the United States on 6/6/62 and resided in the United States until about October 1967 when I began living in Mexicali, Mexico and working in Calexico, California. My wife, Elia Montejano de Garcia, who immigrated to the United States in or about 1964, also moved to Mexicali with me. We lived there until 1970, when we moved to Nollister, California. . . .

Furthermore, on direct examination on March 5, 1974 before an immigration judge, the applicant admitted the truthfulness of his October 23, 1973 statement (Tr. p. 6). Based on that testimony, it would appear clear that the applicant's domicile between 1967 and 1970 was Mexico. However, in applying for a waiver of excludability (Exh. 6) and in his testimony before the immigration judge at his exclusion hearing on May 10, 1974, the applicant maintained that he was only visiting relatives when he departed the United States for Mexico. He admitted that his visits were often rather lengthy, often for periods in excess of six months.

After analyzing all the factual circumstances surrounding the applicant's conduct during 1967–1970, we conclude that the applicant resided in Mexico between 1967 and 1970, he intended to remain there for an indefinite period of time, and he therefore abandoned his United States domicile and established a domicile in Mexico. Thus, the applicant cannot establish the requisite statutory period of unrelinquished United States domicile and he accordingly is not statutorily eligible for a waiver of excludability under section 212(c).

The immigration judge mentioned in his decision that "if the applicant were to have established eligibility, I would have denied his application as a matter of administration discretion. . . ." We agree with that conclusion.

For the foregoing reason, the appeal will be dismissed.

ORDER: The appeal is dismissed.