## MATTER OF DIAZ

### In Exclusion Proceedings

### A-17145706

### ·Decided by Board October 28, 1975

(1) Since a permanent resident alien commuter does not make a *Fleuti*-type departure each time he returns to his place of residence from his place of employment in the United States, applicant, an alien commuter, was not returning after a *Fleuti*-type absence at the time of her application for readmission on January 7, 1974, and the lawfulness of her original entry for permanent residence may be examined in exclusion proceedings. [*Matter of Maldonado-Sandoval*, 14 I. & N. Dec. 475 distinguished.]

(2) Since the benefits of section 212(i) of the Immigration and Nationality Act, as amended, can waive only grounds of inadmissibility under section 212(a)(19) of the Act, as amended, applicant, who is also inadmissible on grounds other than section 212(a)(19) [section 212(a)(20) and section 212(a)(14)] is ineligible for a waiver of excludability provided by section 212(i) of the Act.

EXCLUDABLE:    Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant without valid immigrant visa.

         Act of 1952—Section 212(a)(19) [8 U.S.C. 1182(a)(19)]—Procured immigrant visa by fraud or willful misrepresentation of material fact.

         Act of 1952—Section 212(a)(14) [8 U.S.C. 1182(a)(14)]—Immigrant, no valid labor certification.

ON BEHALF OF APPLICANT:
L.A. Velarde, Jr., Director.
U.S. Catholic Conference
700 South Santa Fe Street
El Paso, Texas 79901

ON BEHALF OF SERVICE:
Williams E. Weinert
Trial Attorney

This case is before us on certification of the immigration judge of his decision dated July 11, 1974 finding the applicant inadmissible to the United States under sections 212(a)(20) and 212(a)(19) of the Immigration and Nationality Act, and denying her applications for relief under sections 212(i) and 241(f) of the Act. The decision of the immigration judge will be affirmed.

The applicant is a married female alien who is a native and citizen of Mexico. On October 23, 1967 she was admitted to the United States as a lawful permanent resident. She obtained her visa on the basis of a labor

certification as a maid. It is apparent from the record of proceedings that the applicant never worked in that capacity and never had an intention to do so. On June 17, 1968, the applicant became a commuter. She gave birth to a United States citizen child on June 9, 1973. On January 7, 1974, the applicant sought admission to the United States as a returning lawful permanent resident [1] and was placed in exclusion proceedings.

The applicant testified that at one point she ceased to be employed in the United States due to the birth of her child. However, a commuter does not lose her status when her continued absence is due to pregnancy. See, e.g., *Matter of Burciaga-Salcedo*, 11 I. & N. Dec. 665, 669 (BIA 1966).

The immigration judge found that the applicant was attempting to make an "entry" into the United States as that term is defined in the Act; and that the lawfulness of her original admission into the United States could be adjudicated in exclusion proceedings. The immigration judge relied on our decision in *Matter of Maldonado-Sandoval*, 14 I. & N. Dec. 475 (BIA 1973), reversed *Maldonado-Sandoval v. INS*, 518 F.2d 278 (C.A. 9, 1975). In reversing our decision, the Ninth Circuit held that the lawful permanent resident status of an alien returning from a brief, casual and innocent trip abroad could not be adjudicated in an exclusion proceeding in view of the holding in *Rosenberg v. Fleuti*, 374 U.S. 449, (1963).

*Maldonado-Sandoval* is not apposite. The applicant is a commuter. This Board has repeatedly held that a commuter is not within the doctrine of *Rosenberg v. Fleuti*, supra. *Matter of Hoffman-Arvayo*, 13 I. & N. Dec. 750 (BIA 1971); *Matter of Moore*, 13 I. & N. Dec. 711 (BIA 1971); *Matter of Estrada-Tena*, 12 I. & N. Dec. 429 (BIA 1967). A commuter does not make a "casual" departure within the meaning of *Fleuti* each time he returns to his place of residence from his place of employment in the United States. Rather, his residence abroad is a continuing one, from which he makes temporary incursions into the United States. Since the applicant is not seeking to enter after a *Fleuti* type absence, her case is distinguishable from *Maldonado-Sandoval*, supra, and the lawfulness of her original entry may be examined in exclusion proceeding.

We find nothing in *Saxbe v. Bustos*, 419 US 65 (1975) to impair our earlier holdings. *Saxbe v. Bustos* recognized the commuter as having the status of a lawful permanent resident for the purpose of acquisition of that status. Thus, the alien commuter may continue to reside in a foreign contiguous territory and engage in daily or seasonal work in this

---

[1] The immigration judge's decision refers to the date she sought admission as January 4, 1975, the date the applicant sought to have her I-151 replaced. (See Tr. pp 3-4).

country. However, *Saxbe* v. *Bustos* does not purport to invalidate the residence requirements of the law so as to bestow immigration benefits where they can arise only from actual residence in this country. Only after the alien takes up residence in the United States, and ceases to be a commuter, is he eligible for the residence benefits of the immigration and nationality laws. See 8 CFR 211.6(c).

We agree with the conclusion of the immigration judge that the applicant obtained her original admission to the United States through fraud or misrepresentation, and is therefore inadmissible under section 212(a)(19) of the Act. She accordingly cannot use her Form I-151 to gain entry; she does not have a visa and is therefore also inadmissible under section 212(a)(20) of the Act. In addition, at the time of her original admission she also was inadmissible under section 212(a)(14) in that she had not obtained a valid labor certification.

The applicant applied for relief under section 241(f) of the Act, and section 212(i). The benefit of section 241(f) is not available in exclusion proceedings. *Matter of Pendon*, 13 I. & N. Dec. 769 (BIA 1971). Moreover, even if available, this applicant could not qualify for such relief in view of recent decisions of the Supreme Court, the Courts of Appeals and this Board. See *Reid* v. *INS*, 420 US 619 (BIA 1975); *Castro-Guerrero* v. *INS*, 515 F.2d 615 (C.A. 5, 1975); *Guel-Perales* v. *INS*, _____ F.2d _____, No. 73-2986 (9 Cir. June 24, 1975); *Matter of Montemayor*, 15 I. & N. Dec. 353 (BIA 1975).

We also hold that the waiver of inadmissiblity provided in section 212(i) of the Act is not available to this applicant. That section provides:

Any alien who is the spouse, parent, or child of a United States citizen or of an alien lawfully admitted for permanent residence and who is excludable because (1) he seeks, has sought to procure, or has procured, a visa or other documentation, or entry into the United States, by fraud or misrepresentation, or (2) he admits the commission of perjury in connection therewith, may be granted a visa and admitted to the United States for permanent residence, if otherwise admissible, if the Attorney General in his discretion has consented to the alien's applying or reapplying for a visa and for admission to the United States.

Section 212(i) of the Act is parallel in language and purpose to section 241(f) of the Act. Both sections derive from section 7 of the Act of September 11, 1957, Pub. L. No. 85-316. It is apparent that the portion of section 7 of the Act of September 11, 1957, relating to deportation, and the portion relating to exclusion were both adopted for the same reasons. See H. Rept. 1199 85th Cong., 1st Sess., U.S. Code Cong. & Adm. News at 2023-24. (1957). There is nothing in the legislative history, or the language of the two present sections, which suggests that they should not be given, as nearly as possible, identical interpretations.

In *Reid* v. *INS*, supra, the Supreme Court greatly circumscribed the

availability of section 241(f), pointing out that the language of that section "tracks" with section 212(a)(19). Thus, an alien whose deportability may be predicated on a charge other than section 212(a)(19) will not be able to obtain the benefit of section 241(f). *Castro-Guerrero* v. *INS*, supra; *Guel-Perales* v. *INS*, supra; *Matter of Montemayor*, supra. See *Matter of Joquin*, 15 I. & N. Dec. 348 (BIA 1975); *Matter of Munguia-Mendoza*, 15 I. & N. Dec. 698 (BIA 1975). Similarly, the language of section 212(i) "tracks" the language of section 212(a)(19). We conclude that a waiver under section 212(i) can waive only the grounds of inadmissibility set forth in section 212(a)(19) of the Act. The applicant remains inadmissible on other grounds as already discussed.

The result reached by the immigration judge is correct. Accordingly, his decision is affirmed.

ORDER: The decision of the immigration judge is affirmed.