MATTER OF DE LA CRUZ

In Deportation Proceedings

A-30142777

*Decided by Board February 18, 1976*

Where respondent was convicted in Texas on June 17, 1974, upon his plea of guilty of burglary, a crime involving moral turpitude; he was sentenced to confinement in the Texas Department of Corrections for a term of 3 years; and the court thereafter entered an order on July 11, 1974 suspending imposition of sentence and granting probation (Texas Code of Criminal Procedure, Article 42.12, section 3, enacted in 1965, as amended 1973), his sentence is not considered a sentence to confinement for a year or more within the purview of the first part of section 241(a)(4) of the Immigration and Nationality Act and, therefore, he is not deportable under that section of the Act.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of a crime involving moral turpitude committed within five years after entry and sentenced to confinement therefor for a year or more.

ON BEHALF OF RESPONDENT:
Pro se

ON BEHALF OF SERVICE:
Robert L. Griffin
Appellate Trial Attorney

Richard M. Casillas
Trial Attorney

In a decision dated November 4, 1974, the immigration judge found that the Service had failed to prove the respondent's deportability under section 241(a)(4) of the Immigration and Nationality Act by clear, convincing and unequivocal evidence, and he terminated proceedings. The immigration judge then certified his decision to this Board for review, pursuant to 8 CFR section 3.1(c). The decision of the immigration judge will be affirmed.

The record shows that on June 17, 1974, in a state court in Texas, the respondent was convicted upon his plea of guilty of the offense of burglary of a building (Exh. 3b). The judgement of the court recites that the respondent "should be punished by confinement in the Texas Department of Corrections for a term of three (3) years," and notes further that "defendant applied for probation" (Exh. 3b). On July 11, 1974, the

616

court entered an "Order Suspending Imposition of Sentence and Granting Adult Probation (Non-Jury)" (Exh. 3c). This order sets forth the history of the case, noting that the respondent had been convicted of burglary, "and this punishment assessed by judgement of this court at three (3) years confinement in the Texas Department of Corrections" (Exh. 3c). The court then decreed that probation should be granted, as follows: ". . . the imposition of sentence is suspended and the defendant. . . is thereby placed on probation," subject to certain conditions which are not pertinent here (Exh. 3c).

Section 241(a) of the Immigration and Nationality Act provides in pertinent part:

"Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—

. . .

(4) is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more . . ."

Burglary is a crime involving moral turpitude. *U.S. ex rel. Griffo* v. *McCandless*, 28 F.2d 287 (E.D. Pa. 1928); *Matter of R–*, 1 I. & N. Dec. 540 (BIA 1943). A conviction for which the sentence was suspended and probation was granted is a final conviction within the meaning of the immigration laws. *Matter of O–*, 7 I. & N. Dec. 539 (BIA 1957); cf. *Matter of J–*, 7 I. & N. Dec. 580 (BIA 1957). The narrow question presented is whether the respondent's sentence, as described above, can be considered a sentence to confinement for a year or more within the purview of section 241(a) of the Act. We find, as did the immigration judge, that it cannot.

In *Matter of V–*, 7 I. & N. Dec. 577 (BIA 1957), we held that, where there has been a suspension of the *imposition* of sentence, an alien who is sentenced to probation for a year or more is not sentenced to confinement and therefore is not deportable under the first part of section 241(a)(4) of the Act.

The Service, however, contends that the suspension of imposition of sentence under Texas law should be given the same effect as the suspension of execution of sentence. Where the sentence has been imposed, but its *execution* suspended, it has been held that this constitutes a sentence to confinement within the meaning of the Act. See *Valez-Lozano* v. *INS*, 463 F.2d 1305 (D.C. Cir. 1972); *U.S. ex rel. Fells* v. *Garfinkel*, 158 F. Supp. 524 (W.D. Pa. 1957), aff'd 251 F.2d 846 (C.A. 3, 1958); *Matter of M–*, 6 I. & N. Dec. 346 (BIA 1954).

Prior to 1965, the Adult Probation and Parole Law in Texas empowered the court to suspend either the imposition or the execution of sentence and place the defendant on probation. However, in 1965, the law was changed and now when probation is granted the court may only

suspend the imposition of sentence. The Texas Code of Criminal Procedure, Article 42.12 "Adult Probation and Parole Law," section 3, enacted in 1965, as amended in 1973, provides:

> "The judges of the courts of the State of Texas having original jurisdiction of criminal actions, when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public as well as the defendant will be subserved thereby, shall have the power, after conviction or plea of guilty for any crime or offense, *where the maximum punishment assessed against the defendant does not exceed ten years imprisonment*, to suspend the imposition of the sentence and may place the defendant on probation or impose a fine applicable to the offense committed and also place the defendant on probation as hereinafter provided. In all cases where the punishment is assessed by the court it may fix the period of probation without regard to the term of punishment assessed, but in no event may the period of probation be greater than 10 years or less than the minimum prescribed for the offense for which the defendant was convicted. Any such person placed on probation, whether in a trial by jury or before the court, shall be under the supervision by such court." (Emphasis supplied.)

In *Anderson* v. *State*, 421 S.W.2d 667 (Tex. Cr. App. 1967), the defendant was granted probation under Article 42.12 but was sentenced to a prison term on the same date. In considering this sentence after the defendant's probation was revoked, the appeals court held that it was a nullity, since the trial court, in placing the defendant on probation under Article 42.12, was authorized only to suspend imposition of sentence. The court noted that the method of suspending execution of sentence was no longer available. *Anderson* v. *State*, supra. In a later case presenting similar facts, the same court noted that under Article 42.12 procedure, sentence is never imposed except following revocation of probation. *Teel* v. *State*, 432 S.W.2d 911 (Tex. Cr. App. 1968). It held that a sentence imposed earlier, where it is the clear intent of the court to grant probation, is a nullity. *Teel* v. *State*, supra. See *Nealy* v. *State*, 500 S.W.2d 122 (Tex. Cr. App. 1973).

The Service, in its brief, emphasizes the particular problems in the administration of criminal justice in Texas with which this amended probation statute was designed to deal. Perhaps the drafters of Article 42.12 did not fully contemplate its potential impact on the administration of the immigration laws, since the legislation was not aimed at that problem. However, this is precisely what we must confront and we are not free to ignore the plain language of Article 42.12, the interpretation given it by Texas courts, or the language of section 241(a)(4) of the Immigration and Nationality Act which requires both a conviction *and* a sentence to confinement of at least one year.

The Service also argues that since punishment of three years confinement was assessed in the respondent's case, it was actually the execution of such sentence which was suspended. However, under the particular procedural mechanism provided in section 3 of the Texas statute, assessment of the punishment must be made by the court

before it can be determined whether the defendant is eligible for probation.

Furthermore, as indicated in *Nealy* v. *State,* supra, and *De Leon* v. *State,* 466 S.W.2d 573 (Tex. Cr. App. 1971), the term of imprisonment originally assessed is not necessarily that which will be imposed in the event the probation is revoked. A recent amendment to the Texas Adult Probation and Parole Law codified the power of the court to impose a sentence different from that originally assessed. Texas Code of Criminal Procedure, Article 42.12, section 8(a) (1965), as amended by the Act of 1975. Consequently, upon revocation of probation, a sentence to confinement of less than a year might be imposed, and the alien would be removed from the scope of the first part of section 241(a)(4).

The Service refers to our decision in *Matter of Plata,* 14 I. & N. Dec. 462 (BIA 1973) in support of its position. However, *Plata* concerned only a judicial recommendation against deportation, and the question regarding Article 42.12 was neither raised nor considered.

The decision of the immigration judge terminating these proceedings was correct, and it will be affirmed.

ORDER: The decision of the immigration judge terminating these proceedings is affirmed.