## MATTER OF CARRASCO

In Deportation Proceedings

A-10734282

▾ *Decided by Board April 20, 1977*

(1) Respondent was admitted to the United States for permanent residence June 7, 1960. In 1970 he moved to Mexico to reside with his wife in a home he had purchased there. He commuted from his home in Mexico to his employment in the United States from 1970 until 1974, with the exception of two six-month periods. In 1974 he was incarcerated in the United States following conviction of a violation of 21 U.S.C. 952(a) for the importation of marihuana into the United States, and was subsequently found deportable under section 241(a)(11) of the Immigration and Nationality Act. The only issue on this appeal is the immigration judge's denial of respondent's application for relief under section 212(c) of the Act.

(2) When respondent moved to Mexico and assumed commuter status in 1970, he demonstrated his intent to reside in Mexico and not the United States. In so doing, he abandoned his domicile in the United States. Since respondent has no domicile in the United States, he is statutorily ineligible for relief under section 212(c) of the Act.

(3) *Matter of Garcia-Quintero,* Interim Decision 2366 (BIA 1975), followed.

CHARGES:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Alien convicted of the crime of unlawful importation of marihuana into the United States in violation of 21 U.S.C. § 952(a)

ON BEHALF OF RESPONDENT:     Wallace Heitman, Esquire
                             725 Mercantile Dallas Building
                             Dallas, Texas 75201

BY: Milhollan, Chairman; Wilson, Maniatis, and Appleman, Board Members

In a decision dated November 21, 1975, the respondent was found deportable as charged, his applications for discretionary relief under section 212(c) and section 244(e) of the Immigration and Nationality Act were denied, and his deportation was ordered to Mexico. The respondent has appealed from that decision. The appeal will be dismissed.

The respondent, a native and citizen of Mexico, was admitted to the United States for permanent residence on June 7, 1960. On March 29, 1974, he was found guilty in the United States District Court for the Western District of Texas for a violation of 21 U.S.C. 952(a), to wit, having imported marihuana into the United States.

The respondent does not contest deportability or the immigration

judge's conclusion that the respondent is precluded from establishing good moral character under section 101(f)(3) and is thereby statutorily ineligible for voluntary departure under section 244(e). The only issues on appeal involve the immigration judge's denial of discretionary relief under section 212(c) of the Act.

Section 212(c) provides, in pertinent part:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of paragraph (1) through paragraphs (25) and paragraphs (30) and (31) of subsection (a).

Although the statute describes a waiver available to an alien seeking to enter the United States, we recently held that section 212(c) relief may be granted in deportation proceedings to a nondeparting permanent resident alien with seven consecutive years of lawful unrelinquished domicile. *Matter of Silva,* Interim Decision 2532 (BIA September 10, 1976). See *Francis* v. *INS,* 532 F.2d 268 (2 Cir. 1976).

The immigration judge, in denying the application, held that: (1) as an alien convicted of a marihuana violation, the respondent is statutorily ineligible for a section 212(c) waiver; (2) the respondent does not have the requisite lawful unrelinquished domicile of seven consecutive years; and (3) the respondent does not merit the relief as a matter of discretion.

As an alien convicted of an offense related to the importation of marihuana, the respondent is inadmissible to the United States under section 212(a)(23) of the Act. Inasmuch as the statute provides a waiver to those aliens inadmissible under section 212(a)(1) through (25), (30) and (31) the respondent is not ineligible for a section 212(c) waiver by reason of his marihuana conviction.

The second issue presented is whether the respondent has the requisite seven consecutive years of lawful unrelinquished domicile in the United States. The immigration judge found that the respondent had assumed commuter status during the period from approximately October 1970 to February 1974. Relying on our decision in *Matter of Garcia-Quintero,* Interim Decision 2366 (BIA 1975) in which we found that a lawful permanent resident who had resided in Mexico and commuted to work in the United States had abandoned his domicile in the United States, the immigration judge concluded that the respondent abandoned his domicile in the United States. The respondent admitted that he had lived in Mexico and commuted daily to work in the United States for most of the period in question. However, he denies that he abandoned his domicile in the United States and asserts that he merely changed his residence to Mexico in order to live with his wife who was awaiting her immigrant visa.

196

The word "domicile" in section 212(c) refers to the legal concept of being a domiciliary of the United States. See *Matter of Garcia-Quintero, supra*. Thus, in order for an alien to establish "domicile" in the United States, he must be physically present here and have the intention of making the United States his home for the indefinite future. *Gilbert* v. *David*, 235 U.S. 561, 569–570 (1915). Once a domicile is acquired, it is retained until such time as a domicile is established elsewhere. *Garner* v. *Pearson*, 374 F. Supp. 580, 590 (M.D. Fla. 1973). The fact that an alien has the status of an immigrant lawfully admitted for permanent residence does not necessarily mean that he intends to reside here permanently. *Saxbe* v. *Bustos*, 419 U.S. 65 (1974).

The question presented in *Garcia-Quintero, supra*, and presented here is a question of fact: did the respondent either have the intention to make his home in Mexico for the indefinite future or lack an intention to make his home elsewhere. *Gilbert* v. *David, supra*. The relevant facts contained in the record are these: the respondent was admitted for permanent residence in the United States in 1960, at which time he acquired a domicile in the United States; he has resided here continously from 1960 to 1970 and from 1974, when he was arrested, to the present; his parents and sisters, two of whom are United States citizens, all reside in the United States; he married a native of Mexico in Texas in 1968; he lived with his wife, who was here unlawfully, in California from approximately 1968 to 1970; in 1970 he returned to Mexico with his wife to reside in a house purchased by him prior to his marriage; and application for an immigrant visa was made by his wife in 1972; his employment has consistently been in the United States; he commuted daily from his home in Mexico to his work in the United States for the period from approximately October 1970 to February 1974 except for two six-month periods when he worked and lived in California and Chicago; his United States citizen child has resided in the United States with an aunt in order to attend school here since sometime prior to 1974; he paid United States taxes on the income earned in 1970 to 1974.

We find the respondent's assertion that he did not intend to remain in Mexico unconvincing, particularly in light of the fact that he had purchased a home in Mexico, that he lived two years in Mexico before an application for an immigrant visa was made by his wife, and that he did not voluntarily return to the United States to reside in 1974 but rather was arrested and incarcerated. Hence, we conclude that the respondent in 1970 intended to live in Mexico indefinitely. As a consequence, he abandoned his United States domicile.

The respondent has not established statutory eligibility for discretionary relief under section 212(c). Moreover, because of the recency of the conviction, the immigration judge denied the application in the exercise of discretion. We agree with his decision. In addition to the

factor relied upon by the immigration judge in his denial, the fact that the respondent was convicted of importing a large amount of drugs, specifically, 26 pounds, adversely affects his application for discretionary relief. Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.

Regardless of the enclosed decision, you may be allowed to stay in the United States because of a recent court ruling if you registered with an American consul for an immigrant visa before January 1, 1977, and entered the United States prior to March 11, 1977. The court ruling relates to the case of *Silva* v. *Levi*, 76 C 4268 (N.D. Ill.). Please contact your attorney or authorized representative or an INS office for further information.

Irrespectivamente de la decisión que se incluye, usted puede estar autorizado a permancer en los Estados Unidos a causa de una reciente determinación judicial si usted se registró con un cónsul Americano para una visa de inmigrante antes del primero de Enero de 1977, y entro a los Estados Unidos previo al 11 de Marzo de 1977. La determinación judicial se refiere al caso de *Silva* v. *Levi*, 76 C 4268 (N.D. Ill.). Favor de comunicarse con su abogado, o su representante autorizado o una oficina del Servicio de Inmigración y Naturalización para más informacion.