17 F.3d 393
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jesus CHAVEZ-ROBLES, Petitioner
v.
IMMIGRATION AND NATURALIZAITON SERVICE, Respondent
 No. 92-70552.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1994.
Decided Feb. 9, 1994.
 
 Before: TANG, PREGERSON, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Petitioner Jesus Chavez-Robles appeals a final order of the Board of Immigration Appeals (BIA) affirming the decision of the Immigration Judge. The Immigration Judge ruled Chavez-Robles deportable and ineligible for relief from deportation pursuant to Sec. 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1251, (INA) for having violated the laws relating to controlled substances. The BIA's jurisdiction arose under 8 C.F.R. Sec. 3.1(b)(2). We have jurisdiction under Sec. 106(a) of the INA, 8 U.S.C. Sec. 1105a(a). We affirm.
 
 BACKGROUND
 
 3
 Petitioner Chavez-Robles is a native and citizen of Mexico. Although he was admitted to the United States as an immigrant within six months of his birth, he resided in this country only from 1977 to 1987. Chavez-Robles and his wife, who is a lawful permanent resident of the United States and citizen of Mexico, were married in Mexico in 1981. They have two children who are United States citizens.
 
 
 4
 Chavez-Robles was convicted in December 1981 on two felony counts of trafficking in heroin in violation of California Health and Safety Code Secs. 11351 and 11352. Chavez-Robles subsequently served two years and four months in state prison. During this time Mrs. Chavez returned to live in Mexico.
 
 
 5
 Following his release, from 1983 to 1990, Chavez-Robles worked as a driver for Motores de Anza, a Mexican company, and in the fields of Imperial Valley. From August of 1987 to July of 1990, Chavez-Robles moved with his family to Mexico because the rent in the United States was too high and there was little work available. The family lived in a house that they rented from Petitioner's uncle, paid utilities, and maintained no other residence.
 
 
 6
 Shortly after his move back to the United States, deportation proceedings were instituted against Chavez-Robles by the issuance of an order to show cause charging him with deportability pursuant to Sec. 241(a)(11) of the INA, 8 U.S.C. Sec. 2151, based on his prior conviction. Following a deportation hearing and briefing from counsel for both sides, the Immigration Judge (IJ) ruled that Chavez-Robles was statutorily ineligible for relief from deportation pursuant to Sec. 212(c) of the INA. Further, the IJ stated that, even if Chavez-Robles were eligible for relief, it would have been denied as a matter of discretion.
 
 
 7
 Chavez-Robles appealed, alleging that the IJ erred (1) in finding Chavez-Robles ineligible for Sec. 212(c) relief on the ground that he failed to meet the seven-year residency requirement, and (2) in denying relief on discretionary grounds because no hardship would be suffered by Petitioner or his family if they returned to Mexico. The BIA affirmed the decision of the IJ "based upon and for the reasons set forth in that decision," on June 4, 1992 and dismissed Petitioner's appeal.
 
 
 8
 I. STATUTORY ELIGIBILITY FOR A WAIVER OF DEPORTATION
 
 
 9
 We review de novo the BIA's determination of purely legal questions regarding the requirements of the Immigration and Nationality Act. Abedini v. INS, 971 F.2d 188, 190-91 (9th Cir.1992). Statutory eligibility is subject to substantial evidence review, based on the facts in the record. Section 106(a)(4), 8 U.S.C. Sec. 1105a(a)(4); INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992); Chavez-Ramirez v. INS, 792 F.2d 932, 934-35 (9th Cir.1986). We must affirm the BIA's decision if it has made no error in law and if its findings of fact are supported by reasonable, substantial, and probative evidence. Chavez-Ramirez, 792 F.2d at 934. Moreover, we will not reverse the BIA's decision merely because a de novo review would lead us to a different result. Id.
 
 
 10
 Chavez-Robles filed an application for relief under Sec. 212(c) seeking eligibility for a discretionary grant of relief in response to the order to show cause. "The alien bears the burden of demonstrating both statutory eligibility and the equities meriting the favorable exercise of discretion." Hernandez-Robledo v. INS, 777 F.2d 536, 542 (9th Cir.1985). To prove eligibility under the statute, the applicant must show seven consecutive years of unrelinquished domicile in the United States. Id.
 
 
 11
 The IJ found that Chavez-Robles failed to establish the requisite seven consecutive years of unrelinquished U.S. domicile necessary for relief from deportation because of the three-year period he resided in Mexico. Chavez-Robles's relinquishment was evidenced by the fact that both his immediate and extended family lived in Mexico, his residence was in Mexico, and his travel to the United States was incidental to his employment with a Mexican company located in Mexicali. Further, Chavez-Robles's testimony indicated that, during the time period at issue, he and his family intended to remain in Mexico indefinitely until his financial situation improved and they could return to the United States.
 
 
 12
 Chavez-Robles states that he never intended to abandon his United States domicile, and that his move to Mexico was temporary. He contends that the fact that he worked in the United States, occasionally spent the night in the U.S. during that time period, and only moved to Mexico for economic reasons indicates his "unequivocal" intention not to abandon his U.S. domicile. In addition, he points to his move back to the United States in 1990 as further evidence indicating his previous intention to return.
 
 
 13
 In Chavez-Ramirez v. INS, 792 F.2d 932, 937 (9th Cir.1986), we laid out guidelines for determining what constitutes a "temporary visit abroad" for purposes of determining whether an alien has relinquished his domicile in the United States.[1] A permanent resident will be found to have returned from a temporary visit abroad when either the visit (1) is for a relatively short period which is fixed by some early event, or (2) will terminate upon the occurrence of an event having a reasonable possibility of occurring within a relatively short time period. Id. If the visit is premised on the second guideline, but the event does not occur within a relatively short time period, the visit will be considered temporary only if the alien has a "continuous, uninterrupted intention to return to the United States during the entirety of his visit." Id. We look at the following types of factors to determine whether this criteria has been satisfied: the alien's duration of residence in the United States, his family ties, property holdings, and business affiliations in the United States, and the alien's family, property, and business ties to the foreign country. Id. We also look to see if the alien's conduct while outside the United States evinces an affirmative indication that he intends to remain here or in the foreign country. For example, evidence that the alien inquired into whether his lawful resident status would be effected by his move might indicate his intention to return to the United States. Id.
 
 
 14
 Chavez-Robles's stay in Mexico cannot qualify as temporary under the first guideline. A three-year stay which would end only upon the achievement of greater financial security can hardly be said to be for a relatively short period of time which is fixed by some early event. Thus, we must look to the second guideline, whether Chavez-Robles's move to Mexico would terminate upon the occurrence of an event having a reasonable possibility of occurring within a relatively short time period, and whether he affirmatively manifested the requisite intention to return to the United States.
 
 
 15
 Based on the factors of Chavez-Ramirez, the BIA found that Chavez-Robles ceased to be a United States domiciliary. By his own admission Chavez-Robles "moved" to Mexico for three years. During that time, he maintained no significant ties to the United States beyond his commute to work for his Mexican employer. Moreover, his testimony indicates that he considered Mexico to be his residence, and made no inquiries into how this might effect his status. Finally, we find no affirmative manifestation of an intent to remain a United States domiciliary beyond Chavez-Robles's own testimony that he hoped to return here at some point in the future. Based on these facts, we cannot say that the BIA erred in its judgment.
 
 
 16
 In addition to analyzing Chavez-Robles's case under the factors enumerated in Chavez-Ramirez, the IJ considered the present case in light of Matter of Sanchez, 17 I & N Dec. 218 (BIA 1980), a case which the IJ found factually similar to the present situation. In Sanchez, the BIA held that Sanchez was ineligible for Sec. 212(c) relief. Id. at 221. Like Chavez-Robles, Sanchez contended that his move to Mexico was only temporary, and that his move was based on economic reasons. Id. Unlike Chavez-Robles, however, Sanchez had a fixed point in time for his return to the U.S.: he intended to return when his sister was old enough to begin high school. Id. Although the IJ in the present case found Sanchez's situation even more compelling than that of Chavez-Robles based on this fixed point in time for return to the U.S., the IJ noted that the BIA's denial of Sanchez's petition was proper.
 
 
 17
 Chavez-Robles contends that this comparison is misplaced. Chavez-Robles argues that his situation is distinguishable because, unlike Sanchez, Chavez-Robles did not execute a commuter application for his daily crossing for employment purposes between the United States and Mexico.
 
 
 18
 We are unpersuaded by this argument. First, as the IJ indicated, execution of a commuter application is not dispositive on the issue of intent to remain a United States domiciliary. The status of a commuter is established when the alien abandons his domicile in the United States. Matter of Carrasco, 16 I & N Dec. 195, 196-97 (BIA 1977) aff'd sub nom. Carrasco-Favela v. INS, 563 F.2d 1220 (5th Cir.1977). Further, as the IJ noted, Chavez-Robles's planned absence was more indefinite than that of Sanchez.
 
 
 19
 Thus, we find no error in the BIA's affirmance of the IJ's decision that Chavez-Robles is statutorily ineligible for relief under Sec. 212(c) because he has not established seven consecutive years of unrelinquished domicile in the United States.
 
 II. DENIAL OF DISCRETIONARY WAIVER
 
 20
 We review the denial of discretionary relief under Sec. 212(c) for an abuse of discretion. Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991) (citing Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987). An administrative denial of relief will be set aside "only if the [BIA] fails to support its conclusions with a reasoned explanation based upon legitimate concerns." Vargas, 831 F.2d at 908.
 
 
 21
 In his decision, the IJ stated that he would have denied the request for relief, even if Chavez-Robles had met the statutory eligibility requirement. Eligibility under Sec. 212(c) does not automatically grant relief; the alien must show by a preponderance of the evidence that his application is meritorious. Matter of Marin, 16 I & N Dec. 581, 582 (BIA 1978). Further, an alien who has been convicted of a serious drug offense must show unusual or outstanding countervailing equities before relief may be granted. Matter of Marin, 16 I & N Dec. 586, n. 4.
 
 
 22
 Chavez-Robles contends that the IJ erred in finding that Chavez-Robles's prior convictions were so "repugnant" that they outweighed the equities in his favor. Further, Chavez-Robles contends that the two reasons enunciated by the IJ "were not fully or properly analyzed," because the IJ failed to consider the almost ten-year time span between the convictions and the deportation hearing, Chavez-Robles's commitment to family and employment, and his lack of subsequent convictions.
 
 
 23
 We find no error in the IJ's statement that he would have denied discretionary relief under the facts of this case. The IJ reviewed at length the equity of time Chavez-Robles spent in this country.[2] Further, the IJ reviewed the possible hardship to Chavez-Robles and his family because of the deportation. Based on Chavez-Robles's strong familial and employment ties to Mexico, the fact that his wife is a Mexican national, and the family's earlier move to Mexico, the IJ found that the balance of equities weighed against granting a discretionary waiver in light of the seriousness of the crimes for which Chavez-Robles was convicted.
 
 
 24
 Chavez-Robles cites no cases indicating that the ten-year time span between his convictions and the deportation hearing must be considered by the IJ in his determination of eligibility. Further, we find no equity in this argument in light of the fact that for at least five of those ten years Chavez-Robles was either incarcerated or living in Mexico.
 
 
 25
 Moreover, we find disingenuous Chavez-Robles's argument that the fact that "[n]o evidence was produced showing subsequent convictions for any crimes," deserved greater consideration by the IJ. In his written statement petitioning for relief Chavez-Robles states: "I have not been in any trouble or broken any laws since my release from prison." This belies the fact that Chavez-Robles was arrested and spent two days in jail in 1990 for transporting an illegal alien. Although he was not convicted based on this arrest, Chavez-Robles does not deny having transported the illegal alien. But more importantly, the statement in his Brief contradicts his earlier statement to the BIA, and reflects disregard for the laws of the United States.
 
 
 26
 In sum, we find no error in the BIA's affirmation of the IJ's decision denying Sec. 212(c) relief. We AFFIRM.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Chavez-Robles looks to Lew v. Moss, 797 F.2d 747 (9th Cir.1986), for the rule of law to determine domicile. We find this case, which addresses the issue of determining domicile for the purpose of establishing subject matter jurisdiction in a diversity action, to be inapposite
 
 
 [2]
 The IJ incorrectly assumed that because Chavez-Robles was first admitted into the United States as a lawful resident when he was six months old, that he stayed here until his move to Mexico in 1987. Respondent's Brief points out that although he entered the United States as an infant, Chavez-Robles did not take up residency here until 1977, when he was 17 years old. Thus, any error the IJ might have made in weighing the factor of Chavez-Robles's time spent in the United States would have been in Chavez-Robles's favor