### MATTER OF STASINSKI

### In Deportation Proceedings

### A-8101839
### A-8228006

### Decided by Board May 26, 1965

A conviction for issuing or passing a worthless check in violation of paragraph 943.24 of the Wisconsin Statutes is not a conviction of a crime involving moral turpitude.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted after entry of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, to wit, issue of worthless check.

The special inquiry officer certified his order terminating proceedings.

Respondents, a 40-year-old male and his 30-year-old wife, are natives and citizens of Poland lawfully admitted to the United States for permanent residence: the male on September 11, 1951 and the female on January 5, 1952. The deportation of each is sought because of their separate convictions for passing worthless checks in violation of paragraph 943.24 of the Wisconsin Statutes. The male was convicted on May 25, 1963 for passing of checks on January 12, 1963 and on February 9, 1963; his wife was convicted on February 7, 1962 for issuing a worthless check on October 3, 1961 and one on November 28, 1961; and she was convicted on May 29, 1962 for issuing a worthless check on March 21, 1962. All convictions were on a plea of guilty; the defense of a single scheme is not raised.

The statute provides that the crime is committed when one issues a check "which, at the time of issuance, he intends shall not be paid." The statute provides that lack of intent to pay may be found prima facie from proof that at the time of issuance there was no account, or from proof that there was a failure to pay within five days after

202

notification of nonpayment and the drawer had insufficient funds either at the time the check was drawn or the time it was presented for payment. The special inquiry officer terminated proceedings because he found that intent to defraud was not an element of the statute. The Service concedes that intent to defraud has not been an element of the offense since 1955 but maintains that moral turpitude is involved because moral turpitude was found in a similar statute involving the Virgin Islands (*Matter of M—*, 9 I. & N. Dec. 743). The Service believes that *Matter of M—* has not been modified or overruled. At oral argument, the Service representative contended that while the presence of an intent to defraud establishes moral turpitude, the absence of an intent to defraud does not necessarily establish the nonexistence of moral turpitude. The Service representative points out that the statute was changed in 1955 to make possible the conviction of a person who had funds on deposit to pay a check but had issued a check intending to stop payment upon it. He attempts to distinguish *Matter of Bailie*, Int. Dec. No. 1379, from the case before us on the ground that *Bailie*, involving a similar statute, turned on the fact that a person could be convicted who had no intent to defraud whereas in the instant case the change of the statute was brought about by a desire to convict a person who had the intent to defraud but who because of the wording of the previous statute could not be convicted. He contends that an intent not to pay the check is an element of the crime.

Counsel contends the primary reason for the change in the statute before us was the inability of courts to cope under previous statutes with the large number of cases involving the issuance of worthless checks. He distinguishes the instant case from *Matter of M—*, in that, here knowledge that sufficient funds did not exist to meet the payment is not required whereas in *Matter of M—* such knowledge was required. He points out that the record establishes that the respondents did not intend to stop payment and that they hoped to pay the check. In *Matter of Bailie, supra*, and *Matter of Kinney*, Int. Dec. No. 1343, involving statutes similar to the one before us, we pointed out that since an intent to defraud was not involved, there was absent the moral turpitude required to support an order of deportation. We stated that the language in *Matter of M—, supra*, involving the Virgin Islands was broad and would be reexamined when a case involving the law of the Virgin Islands was again before us. The issuance of *Matter of Bailie*, and the caution concerning the language contained in *Matter of M—*, is sufficient to prevent *Matter of M—* being considered as a precedent for cases not involving the law of the Virgin Islands. *Matter of M—* will be considered

203

in light of all the evidence concerning the law of that jurisdiction when the issue is again before us. The intent not to pay the check set up by the Wisconsin statute is found irrespective of the drawer's actual intent, upon a showing that one of several alternative methods of payment have not been made; conviction is possible although the check was drawn and passed with intent to pay it; intent to defraud is not an element. It is well settled for the purpose of the immigration laws that it is not the act committed by the alien which is to be made the basis for deportation proceedings but the act which is punished by law. The statute here punishes an act committed without intent to defraud. It cannot therefore be made the basis for deportation proceedings (*Matter of Bailie, supra, Matter of Kinney, supra*).

ORDER: It is ordered that no change be made in the order of the special inquiry officer.