MATTER OF COLBOURNE

In Deportation Proceedings

A-17017085

*Decided by Board June 19, 1969*

Conviction for drawing and delivering a worthless check in violation of section 835(a)(1) of Title 14, Virgin Islands Code, is not a conviction of a crime involving moral turpitude. [*Matter of M—*, 9 I. & N. Dec. 743, overruled.]

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Conviction of a crime involving moral turpitude within 5 years of entry and sentenced to confinement for a year or more.

ON BEHALF OF RESPONDENT:
Alphonso A. Christian, Esquire
P. O. Box 327
St. Thomas, Virgin Islands 00801

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney
(Submitted memorandum)

Joseph W. Monsanto
Trial Attorney
(Submitted brief)

The special inquiry officer terminated deportation proceedings. He held that respondent's conviction did not involve moral turpitude because intent to defraud was not an element of the crime defined by the statute. He certified his order to the Board for final decision. The trial attorney appealed from the termination. The appeal will be dismissed. No change will be made in the order of the special inquiry officer.

Respondent, a 33-year-old married male, a native of the Netherlands Antilles and a citizen of the Netherlands, has resided in the United States since 1964. He was admitted for permanent residence on February 28, 1967. His wife is a permanent resident, his child a citizen.

The basis for the deportation charge is respondent's conviction in a United States District Court, in the Virgin Islands, on May

319

14, 1968 for drawing and delivering a worthless check in violation of section 835(a)(1) of Title 14, Virgin Islands Code. The court sentenced him to imprisonment for 15 months, but withheld execution of the sentence and placed him on probation.

Respondent testified that when he wrote the check he thought he had sufficient funds to meet it, but through an error he did not; that he had paid back over half of the amount of the check; and that he was paying back the rest.

As applied to worthless check convictions, our reading of the precedents resulted in the ruling that moral turpitude is not involved, if the conviction can be obtained without proof that the convicted person acted with intent to defraud; *i.e.*, intent to deprive one of his property, *Matter of Stasinski*, 11 I. & N. Dec. 202 (BIA, 1965); *Matter of Bailie*, 10 I. & N. Dec. 679 (BIA, 1964); *Matter of Belisario*, A-13095905, unreported (BIA, August 8, 1967, December 28, 1966). See *Matter of Kinney*, 10 I. & N. Dec. 548 (BIA, 1964). The instant case fits the pattern. The section under which respondent was convicted is modeled after a Delaware law revised to eliminate intent to defraud as an element of the crime. Applying the precedents, we would hold that respondent's conviction does not involve moral turpitude. However, the Service believes that the precedents were improperly decided. Its position is most comprehensively documented. The Service points out that the precedents we cite are inconsistent with *Matter of M—*, 9 I. & N. Dec. 743 (BIA, 1962), where we held that a conviction under the very section being considered here involved moral turpitude. The Service believes that moral turpitude is involved when a person knowingly draws a check on an account which has insufficient funds whether the maker "had larceny in heart or whether he fully intended that the check be paid off later * * *" (Appellate Trial Attorney's memorandum, p. 23). We considered and rejected this argument previously. After careful consideration, we see no reason to adopt it now. We will comment briefly on some of the Service contentions.

The first involves a matter of semantics. Intent to defraud, as a test for the existence of moral turpitude, requires the convicted person to have intended to take someone's property unlawfully. Words which the Service attempts to equate with this meaning simply do not satisfy the test unless they are shown to have this meaning. This, the Service has not done. It is to be noted, moreover, that the expressions the Service relies upon are not found in cases concerned with the question of whether a crime involves moral turpitude.

As to *Matter of M—, supra,* we equated the drawer's knowledge that he had insufficient funds with intent to defraud. This is too broad a leap to satisfy the requirement that proof of deportability be clear, convincing and unequivocal. Obviously, a drawer may write a check on an account with insufficient funds and yet intend covering it before it is presented for payment. We have previously questioned the authority of *Matter of M—. Stasinski, supra; Bailie, supra; Belisario, supra,* opinion of December 28, 1966, p. 6, n. 5. We now overrule it.

*Matter of Sloan,* 12 I. & N. Dec. 840 (A.G., 1968) is a case in which the Attorney General held that a conviction for harboring and concealing a person from arrest in violation of 18 U.S.C. 1071 was contrary to justice and an act of baseness, so that it involved moral turpitude. The Service believes that under *Sloan,* the Attorney General held that the conduct which is to be put to the test, is not that comprised of the elements needed for a conviction, but that which the alien actually engaged in. The Attorney General reserved judgment on whether it was conduct rather than the law which should be considered. He also reserved judgment as to what sources could be considered in determining what the conduct was. Therefore, we do not believe that *Sloan* requires reconsideration of our cited precedents. We might point out, that there is nothing in the record of conviction or the respondent's unrefuted statement that establishes that respondent issued the check without the intention of paying it. In *Sloan,* the Attorney General stated that an act contrary to justice or base involved moral turpitude. We do not believe that the community would consider the issuance of a check with insufficient funds, where there was no intention of depriving another of his property, an act so contrary to justice or so base as to label it of a turpitudinous nature.

Because of the action we have taken, we find it unnecessary to discuss the many contentions of counsel.

**ORDER:** The Service appeal is hereby dismissed.

*Further order:* No change is made in the special inquiry officer's order.