## MATTER OF WESTMAN

### In Deportation Proceedings

### A-17113376

### *Decided by Board July 9, 1979*

(1) A conviction for attempted grand larceny by passing bad checks under Revised Code of Washington section 9.54.010, is for a crime involving moral turpitude because the statute requires "intent to deprive or defraud" for conviction.

(2) Even though sentencing was deferred pursuant to Revised Code of Washington section 9.95.240, the respondent is deportable under section 241(a)(1) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(1), as excludable at entry under section 212(a)(9) of the Act, 8 U.S.C. 1182(a)(9), for having been convicted of a crime involving moral turpitude prior to entry. *Matter of De La Cruz*, 15 I&N Dec. 616 (BIA 1976); *Matter of V—*, 7 I&N Dec. 577 (BIA 1957), distinguished.

(3) A conviction is sufficiently final for excludability under section 212(a)(9) of the Act even though sentencing is deferred, when the guilty finding is subject to a res judicata appeal on the merits, and even if the charges are eventually dismissed pursuant to RCW 9.95.240, the conviction remains for other state purposes. *Matter of Varagianis*, 16 I&N Dec. 48 (BIA 1976).

CHARGE:

Order: Act of 1952—Sec. 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry for having been convicted of a crime involving moral turpitude pursuant to sec. 212(a)(9) [8 U.S.C. 1182(a)(9)]

ON BEHALF OF RESPONDENT: John W. McLaren, Esquire
Suite 100, Colman Building
811 First Avenue
Seattle, Washington 98104

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The respondent appeals from the July 24, 1978, decision by the immigration judge finding him deportable as an alien excludable at entry for having been convicted of a crime involving moral turpitude pursuant to section 212(a)(9) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(9). The appeal will be dismissed.

The respondent is a native and citizen of Canada who last entered the United States at Blaine, Washington, on April 28, 1978. His mother is a lawful permanent resident of the United States, and his brother is

a United States citizen. During a previous visit to the United States, he was arrested for presenting a $50 check for cash to the Nordstrom Department Store in Kings County, Washington, on February 19, 1976, when he had no funds in the bank account. He was charged and pled guilty on May 26, 1976, to attempted grand larceny in violation of Revised Code of Washington sections 9.54.010-090[1] and 9.01.070. Upon his guilty plea, the trial judge entered an order finding the respondent guilty and deferring sentencing for 2 years during which time the respondent was placed on probation. The terms of probation specified that the respondent make retribution and pay court costs (Ex. 2).

The sole ground of appeal is the respondent's contention that he has not yet been convicted of a crime involving moral turpitude since his sentencing has been deferred and that, therefore, he is not deportable as charged. We disagree with the respondent's contention.

The first issue we must address is whether the charge to which the respondent pled guilty is a crime involving moral turpitude. We have previously held that larceny is a crime involving moral turpitude. *See Matter of Esfandiary*, 16 I&N Dec. 659 (BIA 1979); *Matter of D—*, 7 I&N Dec. 476 (BIA 1957); *Matter of F—*, 6 I&N Dec. 783 (BIA 1955); *Matter of P—*, 4 I&N Dec. 252 (BIA 1951; A.G. 1951); *cf. Giammario v. Hurney*, 311 F.2d 285 (3 Cir. 1962). *Quilodran-Brau v. Holland*, 132 F. Supp. 765 (E.D. Pa. 1955), *aff'd*, 232 F.2d 183 (3 Cir. 1956). On the other hand, we have also held that a conviction for passing bad checks does not necessarily involve moral turpitude because guilty knowledge may not be inherent in such a charge. *See Matter of Colbourne*, 13 I&N Dec. 319 (BIA 1969); *Matter of Stasinski*, 11 I&N Dec. 202 (BIA 1965). Therefore, we must look to the Washington statute for the answer to this question.

RCW 9.54.010 provided in its relevant part:

Every person who, *with intent to deprive or defraud* the owner thereof —

. . .

(2) Shall obtain from the owner or another the possession of or title to any property, real or personal, by color or aid of any order for the payment or delivery of property or money or any check or draft, knowing that the maker or drawer of such order, check or draft was not authorized or entitled to make or draw the same, or by color or aid of any fraudulent or false representation, personation or pretense or by any false token or writing or by any trick, device, bunco game or fortune-telling; or

. . .

Steals such property and shall be guilty of larceny. (Emphasis added.)

---

[1] Effective July 1, 1976, that section has been replaced by Revised Code of Washington 9A.56.100.

RCW 9.54.090 provides in part:

Every person who steals or unlawfully obtains, appropriates, brings in to this state, buys, sells, receives, conceals, or withholds in any manner specified in RCW 9.54.010—

. . .

(5) Property of the value of more than twenty-five dollars if obtained by color or aid of any order for the payment or delivery of property or money or any check or draft, knowing that the maker or drawer of such order, check, or draft was not authorized or entitled to make or draw the same; . . .

. . . shall be guilty of grand larceny. . . .

After reviewing the language of the Washington statute, we conclude that the words "intent to deprive or defraud" impose a requirement of guilty knowledge for a grand larceny conviction pursuant to RCW 9.54.010-90. Our conclusion is supported by the decision of the Washington Court of Appeals in *State* v. *Wilder,* 12 Wash. App. 296, 529 P.2d 1109 (1974). In *Wilder,* the Court reversed a conviction under the same grand larceny statute because the trial court did not permit testimony that a third person had told Wilder that a large amount of money was being deposited in her bank account. The Court concluded that guilty knowledge of insufficient funds was the key element in the prosecution's case. 529 P.2d at 1113. Therefore, a conviction under the above statute is a conviction for a crime involving moral turpitude.

The next question we must address is whether the respondent has been convicted of such a crime involving moral turpitude in view of the fact that upon his pleading guilty, he was placed on probation and sentencing was deferred for 2 years.

In *Matter of Varagianis,* 16 I&N Dec. 48 (BIA 1976), we held that a conviction exists for immigration purposes when (1) there has been a judicial finding of guilt, (2) the court takes action which removes the case from the category of those which are (actually or in theory) pending for consideration by the court—the court orders the defendant fined, or incarcerated, or the court suspends sentence, (3) the action of the court is considered a conviction by the state for a least some purpose. *Accord, Matter of Robinson,* 16 I&N Dec. 762 (BIA 1979); *see also Matter of Pikkarainen,* 10 I&N Dec. 401 (BIA 1963); *Matter of L—R—,* 8 I&N Dec. 269 (BIA 1959).

We find the May 26, 1976, order by the trial judge sufficient to evidence deportability as charged.[2] The trial judge's order specifically decreed the respondent guilty of attempted grand larceny. Sentencing

---

[2] Had the charge been deportability under section 241(a)(4) of the Act, 8 U.S.C. 1251(a)(4), the respondent would not be deportable since imposition of the sentence was deferred. *See Matter of De La Cruz,* 15 I&N Dec. 616 (BIA 1976); *Matter of V—,* 7 I&N Dec. 577 (BIA 1957).

was deferred pursuant to RCW 9.95.200, which permits placing a criminal defendant on probation following a guilty plea. In *State v. Proctor*, 68 Wash. 2d 817, 415 P.2d 634 (1966), the Washington Court held that such a deferred sentence is subject to appeal, and the result of such an appeal would be res judicata as to any subsequent appeal on the merits. *See generally* 2 Gonzaga L. Rev. 91 (1967).

Moreover, RCW 9.95.240 provides that even if the charges against a criminal defendant are dismissed after probation has been successfully concluded, that prior guilty finding can be used for other state purposes. That section reads as follows:

Dismissal of information or indictment after probation completed. Every defendant who has fulfilled the conditions of his probation prior to the termination of the period thereof, may at any time prior to the expiration of the maximum period of punishment for the offense for which he has been convicted be permitted in the discretion of the court to withdraw his plea of guilty and enter a plea of not guilty, or if he has been convicted after a plea of not guilty, the court may in its discretion set aside the verdict of guilty; and in either case, the court may thereupon dismiss the information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. The probationer shall be informed of this right in his probation papers: *Provided, That in any subsequent prosecution, for any other offense, such prior conviction may be pleaded and proved, and shall have the same effect as if probation had not been granted, or the information or indictment dismissed.* (Emphasis added.)

Therefore, we conclude that the respondent has been sufficiently convicted for deportation as excludable under section 212(a)(9) of the Act. *Matter of Robinson, supra; Matter of Varagianis, supra.* Since the trial judge's order was subject to appeal on the merits, and, even if the charge was subsequently dismissed pursuant to RCW 9.95.240, it would still be considered a conviction for other state purposes, the respondent is deportable by clear, convincing, and unequivocal evidence. *See Woodby v. INS*, 385 U.S. 276 (1966), and 8 C.F.R. 242.14(a). Consequently, the respondent's conviction precludes a finding that the respondent has the requisite good moral character for voluntary departure in lieu of deportation. *See* sections 101(f)(3) and 244(e) of the Act, 8 U.S.C. 1101(f)(3) and 1254(e). Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.