## MATTER OF ESFANDIARY

### In Deportation Proceedings

### A-18815373

### *Decided by Board January 17, 1979*

(1) The first step in determining whether a crime involves moral turpitude is to determine from the record of conviction what law, or portion of law, was violated.

(2) When a statute encompasses both violations which do and those that do not necessarily involve moral turpitude, the record of conviction (i.e., the charge, plea, verdict, and sentence) must be examined for a determination of whether the crime committed involves moral turpitude.

(3) Where respondent's conviction of malicious trespass under Florida law required a finding of an intent to commit petit larceny, a crime involving moral turpitude. the conviction is for a crime involving moral turpitude within the meaning of section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(4).

CHARGES:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Within five years after entry convicted of a crime involving moral turpitude, to wit: two counts of grand larceny

Lodged: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—At any time after entry convicted of two crimes involving moral turpitude, to wit: malicious trespass and grand larceny

ON BEHALF OF RESPONDENT:
Fred F. Filsoof, Esquire
1416 Gas Light Tower
235 Peachtree Street
Atlanta, Georgia 30303

ON BEHALF OF SERVICE:
Robert Lee Erwin
Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The respondent has appealed from the decision of an immigration judge, dated April 19, 1978, finding him deportable as charged and ordering his deportation to Iran. The appeal will be dismissed.

The respondent is a 27-year-old native and citizen of Iran who entered the United States as a nonimmigrant student in 1969. On October 6, 1972, his status was adjusted to that of a lawful permanent resident of the United States. On November 19, 1975, an Order to Show Cause was issued, charging the respondent with deportability under section

659

241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(4), as an alien who, within five years after entry, had been convicted of a crime involving moral turpitude and had either been sentenced to confinement therefore or confined therefore in a prison or corrective institution for a year or more. This charge was based upon the respondent's conviction on June 23, 1975, of the crime of grand larceny for which he was sentenced to two years in the Florida State Prison.

In a decision dated March 15, 1976, an immigration judge found the respondent deportable on the charge contained in the Order to Show Cause and ordered his deportation to Iran. The respondent appealed to this Board and, on appeal, submitted a copy of a Writ of Error Coram Nobis, entered by the Circuit Court of the Second Judicial Circuit for Leon County, Florida, on June 22, 1976, in which the respondent's original sentence of two years imprisonment was recalled by the Court and, in lieu thereof, the respondent was sentenced to a term of 358 days (Ex. R-1). In a decision dated August 13, 1976, we reopened the proceedings for consideration of this additional evidence.

At a reopened hearing held on April 7, 1977, and February 15, 1978, the Immigration and Naturalization Service lodged an additional charge of deportability against the respondent under section 241(a)(4) of the Act as an alien who, at any time after entry, had been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. This charge was based on the respondent's conviction of grand larceny on June 23, 1975, and his conviction on April 28, 1975, of the crime of malicious trespass. The immigration judge found that both crimes involved moral turpitude, and held the lodged charge sustained in his decision of April 19, 1978. On appeal, the respondent argues that his conviction for malicious trespass is not a conviction of a crime involving moral turpitude within the meaning of section 241(a)(4) of the Act.

In order to determine whether a crime involves moral turpitude, we must look to the nature of the crime itself. The first step in appraising the offense is to determine what law, or portion of law, was violated. *United States ex rel. Teper v. Miller*, 87 F. Supp. 285 (S.D.N.Y. 1949). This is extracted from the record of conviction. *Zaffarano v. Corsi*, 63 F.2d 757 (2 Cir. 1933). The record in this case contains a certified copy of a judgment of conviction for malicious trespass. At the time of the respondent's conviction, malicious trespass was defined in section 821.18 of the Florida Statutes as follows:

> 821.18 Other Trespasses
> ... Every trespass upon the property of another, committed with a malicious and mischievous intent, the punishment of which is not specially provided for, shall be guilty of a misdemeanor of the second degree. ...

On appeal, the respondent argues that we must read the statute at its

minimum, and thereby find that a conviction under section 821.18 does not involve moral turpitude. However, the respondent has misinterpreted the precedents in this area. Although we agree that the statute in question may encompass violations which do not necessarily involve moral turpitude, our inquiry does not end at that point. It is a well-established rule that we must then look to the record of conviction for a determination of whether the crime committed involves moral turpitude. In the present case malicious trespass requires specific intent. That intent is found by looking to the record of conviction. *Bisaillon* v. *Hogan*, 257 F.2d 435 (9 Cir. 1958) cert. denied 358 U.S. 872 (1958); *Matter of N—*, 8 I. & N. Dec. 466 (BIA 1959). The record of conviction includes the charge or indictment, the plea, the verdict, and the sentence. *Glaros* v. *INS*, 416 F.2d 441 (5 Cir. 1969); *Matter of Lopez*, 13 I. & N. Dec. 725 (BIA 1971).

The respondent was charged, in an information dated October 14, 1974, with entering without breaking a dwelling with intent to commit a misdemeanor, to wit: petit larceny. Petit larceny is a crime involving moral turpitude. *Quilodran-Brau* v. *Holland*, 132 F. Supp. 765 (E.D. Penn. 1955), aff'd 232 F.2d 183 (3 Cir. 1956).

The respondent's conviction of malicious trespass involves a malicious and mischievous intent. This intent is contained in the information, i.e., the intent to commit petit larceny, a crime involving moral turpitude. We find, therefore, that the respondent's conviction of malicious trespass is a conviction of a crime involving moral turpitude as that term is used in section 241(a)(4) of the Act.

The record establishes the respondent's deportability by clear, convincing, and unequivocal evidence. We will, therefore, dismiss his appeal.

ORDER: The appeal is dismissed.