MATTER OF KHALIK

In Deportation Proceedings

A-30332952

*Decided by Board August 28, 1980*

(1) An immigration judge cannot go behind the judicial record to determine the guilt or innocence of an alien for a criminal offense, so a record of conviction upon a guilty plea constitutes a conviction for immigration purposes.

(2) Violation of the Michigan statute prohibiting issuance of a check without sufficient funds is a crime involving moral turpitude since it includes the element of intent to defraud. Mich. Comp. Laws Ann. section 750.131.

(3) Despite the facts that the respondent's family members are all United States citizens and he is currently employed by his brother, a discretionary denial of a section 212(c) waiver is warranted by his continued criminal behavior and evidence of his dishonest character.

CHARGE:
Order: Act of 1952—Sec. 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of two crimes involving moral turpitude

ON BEHALF OF RESPONDENT: Harvey B. Bruner, Esquire
Bruner & Shafran
150 Engineers Building
Cleveland, Ohio 44114

BY: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

In a decision dated December 7, 1978, the immigration judge found the respondent deportable under section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(4), as an alien who has been convicted of two crimes of moral turpitude not arising out of a single scheme of criminal misconduct. He further denied the respondent's application for relief pursuant to section 212(c) of the Act, 8 U.S.C. 1182(c). The respondent has appealed from that decision. The appeal will be dismissed.

The respondent is a 39-year-old native of Jordon. The immigrant visa issued to the respondent indicates that he is a stateless person. The record reflects that the respondent entered the United States on March 18, 1970, as a lawful permanent resident. The respondent's

father, three brothers, and a sister are United States citizens, although the record indicates that his father resides in Israel.

The Order to Show Cause charges that the respondent was convicted of issuing a check without sufficient funds under $50 on July 3, 1975, in the Recorder's Court of the City of Detroit, and of issuing a check without sufficient funds over $50 on August 21, 1975, in the Circuit Court for Wayne County, Michigan. Evidence of both convictions is included in the record which reflects that the respondent pleaded guilty to both offenses and that he was represented by counsel, at least on the first offense.

The immigration judge examined the statute which the respondent was found to have violated and concluded that the crime in question was one involving moral turpitude. He, therefore, determined that the respondent was deportable as charged. We agree.

On appeal, the respondent contends that he was not convicted of two crimes involving moral turpitude. He argues that his conduct was a result of his misunderstanding as to how checking accounts function and that he pleaded guilty without understanding the import of his plea. Thus, he asserts that he was not, in fact, "convicted" of the offenses. He further states that the immigration judge erroneously determined that the crimes in question involved moral turpitude because he made no inquiry into the respondent's intent.

It is well established that, insofar as deportation proceedings are concerned, an immigration judge cannot go behind the judicial record to determine the guilt or innocence of an alien. *See Matter of McNaughton,* 16 I&N Dec. 569 (BIA 1978); *Matter of Fortis,* 14 I&N Dec. 576 (BIA 1974); *Matter of Sirhan,* 13 I&N Dec. 592 (BIA 1970). Inasmuch as the records of conviction indicate that the respondent pleaded guilty to both offenses, the immigration judge properly found that the respondent was convicted of the alleged crimes.

The Michigan statute under which the respondent was convicted renders guilty—

Any person who, with intent to defraud, shall make, draw or utter any check, knowing at the time he has not sufficient funds. *Mich. Comp. Laws Ann.* section 750.131.

We have held that where a statute includes intent to defraud as an essential element of a bad check offense, the crime is one involving moral turpitude. *See Matter of McLean,* 12 I&N Dec. 551 (BIA 1967); *Matter of Stasinski,* 11 I&N Dec. 202 (BIA 1965); *Matter of Bailie,* 10 I&N Dec. 679 (BIA 1964). It is clear from the language of the Michigan statute which the respondent violated that intent to defraud is an essential element of the offense. Therefore, the immigration judge properly determined that the respondent was convicted of two crimes involving moral turpitude. Accordingly, we agree that deportability

was established by clear, convincing, and unequivocal evidence.

In denying the respondent's request for 212(c) relief, the immigration judge considered the fact that the respondent has strong family ties in this country. He noted, however, that on October 24, 1978, a month and a half before the hearing, the respondent pleaded guilty to a charge of petty theft in the Bedford Municipal Court in Bedford, Ohio. The respondent's sentence of 30 days in jail was suspended, but he was ordered to pay a fine of $200. The immigration judge found that this conviction, which was not mentioned in the waiver application, indicated that the respondent had not been rehabilitated. He further determined that the respondent's testimony denying his previous criminal activity, as well as some debts alleged to be owing, was not credible and evidenced the respondent's lack of remorse for his behavior. He, therefore, concluded that the respondent failed to establish that he was deserving of a grant of discretionary relief.

In *Matter of Marin*, 16 I&N Dec. 581 (BIA 1978), we held that a determination as to whether a favorable exercise of discretion is warranted on a section 212(c) application requires the immigration judge to balance the positive and adverse factors presented. Among the negative factors to be considered are the nature and underlying circumstances of the exclusion ground at issue, the presence of additional significant violations of this country's immigration laws, the existence of a criminal record and, if so, its nature, recency, seriousness, and the presence of other evidence indicative of a respondent's bad character or undesirability as a permanent resident of this country. Favorable considerations have been found to include such factors as family ties within the United States, residence of long duration in this country (particularly when the inception of residence occurred while the respondent was of young age), evidence of hardship to the respondent and family if deportation occurs, service in this country's Armed Forces, a history of employment, the existence of property or business ties, evidence of value and service to the community, proof of a genuine rehabilitation if a criminal record exists, and other evidence attesting to a respondent's good character (*e.g.*, affidavits from family, friends, and responsible community representatives).

In applying for a waiver of deportability under section 212(c), the burden is on the respondent to establish that he merits a favorable exercise of discretion. *Matter of Marin*, *supra*. We do not believe that the respondent has successfully met that burden.

The respondent's family members are all United States citizens, although his father is presently domiciled in Israel. These family ties and his employment by his brothers in their grocery stores are factors favorable to the respondent. However, the respondent's continued criminal behavior and his denial of any wrongdoing present strong

evidence of his dishonest character which, we believe, outweighs the favorable factors in this case. Therefore, as we are not convinced that the respondent has shown himself to be worthy of a favorable exercise of discretion, we shall affirm the immigration judge's denial of section 212(c) relief.

Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.