# MATTER OF BART

## In Deportation Proceedings

### A-20603230

*Decided by Board February 3, 1992*

Issuance of a bad check in violation of section 16-9-20(a) of the Georgia Code is a crime involving moral turpitude because Georgia case law clearly establishes that guilty knowledge, as evidenced by an intent to defraud, is an essential element of the offense.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2)(A)(ii) [8 U.S.C. § 1251(a)(2)(A)(ii)]—Crimes involving moral turpitude

ON BEHALF OF RESPONDENT:
William I. Crosby, Esquire
Suite 5-South
5180 Roswell Road, N.W.
Atlanta, Georgia 30342-2277

ON BEHALF OF SERVICE:
J. Dan Pelletier
General Attorney

BY:  Milhollan, Chairman; Heilman, Board Member; Josephson, Temporary Board
Member

The Immigration and Naturalization Service has appealed from the November 15, 1991, decision of an immigration judge finding that the respondent is not deportable as an alien who has been convicted of two crimes involving moral turpitude after the time of entry, pursuant to section 241(a)(2)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(A)(ii) (Supp. II 1990), and terminating the proceedings.[1] The appeal will be sustained.[2] The request for oral argument before the Board is denied.

The respondent is a native and citizen of Ghana who last entered the United States as a nonimmigrant student on September 4, 1979. On

---

[1] The immigration judge adjourned the deportation hearing on October 29, 1991, and granted both parties until November 12, 1991, to submit additional briefs. Although the transcript is incomplete regarding another hearing, we note that neither party has objected and the outcome of the proceedings has not been affected.

[2] This decision of the Board, which was previously issued, has been revised for publication.

August 18, 1986, he adjusted his status to that of a lawful permanent resident. The Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S) charges that the respondent was deportable on the basis of two convictions for crimes involving moral turpitude. On November 21, 1989, he was convicted on a plea of nolo contendere, in the Magistrate Court of Dekalb County, Georgia, of the offense of issuance of a bad check in violation of section 16-9-20(a) of the Georgia Code. On September 13, 1991, he was convicted on a plea of guilty, in the United States District Court for the Northern District of Georgia, of the offense of mail fraud in violation of 18 U.S.C. § 1341 (Supp. I 1989). The respondent admitted to the convictions but denied deportability on the ground that his 1989 bad check conviction did not constitute a crime involving moral turpitude.

The immigration judge examined the Georgia statute which the respondent was found to have violated and concluded that the crime in question did not involve moral turpitude. The immigration judge relied on *Matter of Zangwill*, 18 I&N Dec. 22 (BIA 1981), *overruled in part on other grounds, Matter of Ozkok*, 19 I&N Dec. 546 (BIA 1988), and stated that *only* when the statute by its express terms involves an intent to defraud is there a crime involving moral turpitude.

On appeal, the Service contends that the bad check conviction is for a crime involving moral turpitude. Citing precedent decisions, the Service states that convictions for passing bad checks involve moral turpitude if either guilty knowledge or intent to defraud is a necessary element of the crime. The Service argues that since courts in Georgia have interpreted the statute as requiring a showing of intent to defraud, the conviction is one that involves moral turpitude.

In his opposition brief, the respondent concurs with the immigration judge, stating that since the Georgia statute does not by its express terms require an intent to defraud, the conviction does not involve moral turpitude. We disagree.

In determining whether a crime involves moral turpitude, we first examine the nature of the offense itself. *Matter of Esfandiary*, 16 I&N Dec. 659 (BIA 1979). It is the inherent nature of the crime as defined by statute and interpreted by the courts, and as limited and described by the record of conviction, which determines whether the offense is one involving moral turpitude. *Okabe v. INS*, 671 F.2d 863 (5th Cir. 1982); *United States v. Neelly*, 208 F.2d 337 (7th Cir. 1953); *Matter of Baker*, 15 I&N Dec. 50 (BIA 1974); *Matter of H-*, 7 I&N Dec. 616 (BIA 1957).

We have held that where a statute expressly includes guilty knowledge, as evidenced by the requirement of an intent to defraud, as an essential element of a bad check offense, the crime is one involving moral turpitude for immigration purposes. *Matter of Khalik*, 17 I&N

Dec. 518 (BIA 1980); *Matter of Logan*, 17 I&N Dec. 367 (BIA 1980); *Matter of Westman*, 17 I&N Dec. 50 (BIA 1979); *Matter of McLean*, 12 I&N Dec. 551 (BIA 1967); *Matter of Stasinski*, 11 I&N Dec. 202 (BIA 1965); *Matter of Bailie*, 10 I&N Dec. 679 (BIA 1964). When the statute in question does not specifically reference an "intent to defraud," we have looked to the case law of a particular state in order to determine whether that element is required for conviction. *See, e.g., Matter of Zangwill, supra* (Florida); *Matter of Bailie, supra* (Kansas).

The immigration judge erroneously relied on *Matter of Zangwill, supra,* for the proposition that *only* when the statute by its express terms involves an intent to defraud is there a crime involving moral turpitude. The Florida statute in question in *Zangwill* did not expressly require intent to defraud as an element of the crime and spoke only of the "knowing" issuance of worthless checks. *Id.* at 28. We therefore looked to the state court's interpretation of the statute. Since the court did not require intent to defraud as an essential element, we held that the crime did not involve moral turpitude. *Id.*

The Georgia statute under which the respondent was convicted states as follows:

A person commits the offense of criminal issuance of a bad check when he makes, draws, utters, or delivers a check, draft, or order for the payment of money on any bank or other depository in exchange for a present consideration or wages, *knowing that it will not be honored* by the drawee.

Ga. Code Ann. § 16-9-20(a) (1989) (emphasis added).

The Georgia statute does not expressly require intent to defraud as an element of the crime. The statute requires only that the offender "[know] that [the check] will not be honored." We therefore must look to Georgia case law to determine whether conviction under the statute requires an intent to defraud.

The Georgia courts, in construing section 16-9-20(a) of the Georgia Code, have unequivocally answered the question of whether intent to defraud is necessary to a conviction under the statute, holding that intent to defraud is an essential element of the crime. In *Galbreath v. State*, 387 S.E.2d 915, 919 (Ga. Ct. App. 1989), the court held that "the State must prove a present fraudulent intent ... in order to sustain a conviction for a bad check offense under Georgia law." *See also Brooks v. State*, 247 S.E.2d 209 (Ga. Ct. App. 1978) (knowledge that, because of insufficient funds, the check will not be honored is prima facie proof of intent to defraud); *Crain v. State*, 52 S.E.2d 577 (Ga. Ct. App. 1949) (gravamen of a bad check offense is the intent to defraud). On this basis we find that the respondent's conviction for issuing worthless checks was for a crime involving moral turpitude. Therefore, we conclude that his deportability has been established by clear, unequivocal, and convincing evidence as required by *Woodby v.*

438

*INS*, 385 U.S. 276 (1966), and 8 C.F.R. § 242.14(a) (1991). Accordingly, the appeal will be sustained and the decision of the immigration judge will be reversed.

**ORDER:** The appeal of the Immigration and Naturalization Service is sustained and the decision of the immigration judge is reversed.

**FURTHER ORDER:** The respondent is ordered deported to Ghana pursuant to the charge contained in his Order to Show Cause.