# In re Max Alejandro MADRIGAL-Calvo, Respondent

File A41 260 865 - Fishkill

*Decided April 23, 1996*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Where the statute under which an alien has been convicted encompasses offenses that constitute firearms violations and offenses that do not, the Immigration and Naturalization Service must establish through the record of conviction, and other documents admissible as evidence in proving a criminal conviction, that the specific offense of which the alien was convicted constitutes a firearms violation within the meaning of section 241(a)(2)(C) of Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(C) (1994).

(2) The transcript from the respondent's plea and sentence hearing, during which the respondent admitted possession of a firearm, is part of the record of conviction and, consequently, was sufficient to establish that the respondent had been convicted of a firearms offense and was deportable under section 241(a)(2)(C) of the Act.

(3) The respondent's right to counsel was not violated where the Immigration Judge properly informed the respondent of his right to counsel and provided him with adequate opportunity to obtain representation.

Pro se

BEFORE: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, MATHON, ROSENBERG, and GUENDELSBERGER, Board Members

FILPPU, Board Member:

We have jurisdiction over this timely appeal from the Immigration Judge's June 14, 1995, decision pursuant to 8 C.F.R. § 3.1(b) (1995). The issues on appeal are: (1) whether a transcript of criminal plea and sentence proceedings can properly be considered in evaluating whether the respondent's conviction is a "firearms offense" under section 241(a)(2)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(C) (1994), and (2) whether the respondent's statutory and regulatory right to counsel was violated. We find that the transcript from the respondent's criminal plea and sentencing hearing is proper evidence, and that his right to counsel was not violated. The appeal will therefore be dismissed.

The Order to Show Cause and Notice of Hearing (Form I-221) issued in this case alleges that the respondent was convicted on July 20, 1992, in the Supreme Court of the State of New York, County of Queens, of the offense of criminal possession of a weapon in the fourth degree, in violation of section 265.01 of the New York State Penal Law. At his deportation hearing, the respondent admitted his alienage and his conviction, but he did not concede deportability.

On appeal, the respondent contends that his conviction was erroneous because he should have been charged with a lesser offense, attempted possession or conspiracy to possess a weapon, which, he argues, would not have rendered him deportable. He also contends that he did not waive his right to counsel and that he was prejudiced by the lack of counsel.[1]

## I. THE RESPONDENT'S CONVICTION CONSTITUTES A "FIREARMS OFFENSE"

In pertinent part, section 241(a)(2)(C) of the Act renders deportable "[a]ny alien who at any time after entry is convicted under any law of . . . possessing . . . any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of title 18, United States Code)."

The respondent was convicted of criminal possession of a weapon in the fourth degree, in violation of section 265.01 of the New York Penal Law. That statute provides in pertinent part that a person is guilty of criminal possession in the fourth degree when:

(1) He possesses any firearm, electronic dart gun, gravity knife, switchblade knife, pilum ballistic knife, cane sword, billy, blackjack, bludgeon, metal knuckles, chuka stick, sand bag, sandclub, wristbrace type slingshot or slungshot, shirken or "Kung Fu star"; or

(2) He possesses any dagger, dangerous knife, dirk, razor, stiletto, imitation pistol, or any other dangerous or deadly instrument or weapon with intent to use the same unlawfully against another; or

(3) He knowingly has in his possession a rifle, shotgun or firearm in or upon a building or grounds, used for educational purposes, of any school, college or university, except the forestry lands, wherever located, owned and maintained by the State University of New York college of environmental science and forestry, without the written authorization of such educational institution; or

. . .

(5) He possesses any dangerous or deadly weapon and is not a citizen of the United States . . . .

---

[1] We take these arguments, which are set out on the respondent's Notice of Appeal to the Board of Immigration Appeals of Decision of Immigration Judge (Form EOIR-26), to be his sole arguments on appeal. The respondent indicated on the Notice of Appeal that "several other issues" could also be raised, and that he was filing a separate written brief or statement. Although a transcript was sent to the respondent, and a briefing schedule was set, the respondent has not filed any additional statement or brief.

N.Y. Penal Law § 265.01 (McKinney 1988).

A firearms statute is "divisible" if it encompasses offenses that constitute firearms violations and offenses that do not. *See generally Matter of N-,* 8 I&N Dec. 466, 467 (BIA 1959) (discussing divisible statutes in the context of a crime involving moral turpitude). Section 265.01 of the New York Penal Law consists of five subdivisions.[2] The third subdivision involves a firearm, and the first subdivision could, but may not necessarily, involve a firearms conviction. As such, it is a divisible statute.

To sustain its charge of deportability under section 241(a)(2)(C) where the respondent has been convicted under a divisible statute, the Immigration and Naturalization Service must establish by clear, unequivocal, and convincing proof that the respondent was, in fact, convicted of criminal possession of a firearm. *See Matter of Perez-Contreras*, 20 I&N Dec. 615 (BIA 1992); *Matter of Rodriguez-Cortes,* 20 I&N Dec. 587 (BIA 1992). In other words, there must be proof that possession of a firearm is an integral element of the crime of which the respondent was convicted. *See Matter of Lopez-Amaro*, 20 I&N Dec. 668 (BIA 1993), *aff'd*, 25 F.3d 986 (11th Cir. 1994), *cert. denied*, 513 U.S. 1146 (1995); *Matter of P-F-*, 20 I&N Dec. 661 (BIA 1993); *Matter of K-L-*, 20 I&N Dec. 654 (BIA 1993), *aff'd sub nom. Lee v. INS*, 12 F.3d 1102 (8th Cir. 1993).

It is the crime that an alien is actually convicted of which is determinative. *See generally Cabral v. INS*, 15 F.3d 193 (1st Cir. 1994); *Goldeshtein v. INS*, 8 F.3d 645 (9th Cir. 1993); *United States ex rel. Zaffarano v. Corsi*, 63 F.2d 757 (2d Cir. 1933); *United States ex rel. Robinson v. Day*, 51 F.2d 1022 (2d Cir. 1931). As this Board and the courts have consistently held in cases dealing with the issue of deportability based on conviction for a crime involving moral turpitude, it is the nature of the crime as defined by statute and interpreted by the courts and as limited and described by the record of conviction which determines whether an alien falls within the reach of that law. *See Gonzalez-Alvarado v. INS,* 39 F.3d 245 (9th Cir. 1994); *Cabral v. INS, supra; Okabe v. INS*, 671 F.2d 863 (5th Cir. 1982); *Chiaramonte v. INS,* 626 F.2d 1093 (2d Cir. 1980); *United States ex rel. Giglio v. Neelly*, 208 F.2d 337 (7th Cir. 1953); *United States ex rel. Guarino v. Uhl*, 107 F.2d 399 (2d Cir. 1939); *Matter of Franklin*, 20 I&N Dec. 867 (BIA 1994), *aff'd*, 72 F.3d 571 (8th Cir. 1995); *Matter of Serna*, 20 I&N Dec. 579 (BIA 1992); *Matter of Short*, 20 I&N Dec. 136 (BIA 1989); *Matter of Danesh*, 19 I&N Dec. 669 (BIA 1988); *Matter of Khalik*, 17 I&N Dec. 518 (BIA 1980); *Matter of Esfandiary*, 16 I&N Dec. 659 (BIA 1979); *Matter of McNaughton*, 16 I&N Dec. 569 (BIA 1978).

The record of conviction includes the charge, indictment, plea, judgment or verdict, sentence, and transcript from court proceedings. *See, e.g., Matter*

---

[2] The respondent's conviction document does not specify the subsection under which he was convicted.

*of Rodriguez-Cortes, supra*, at 588; *Matter of Short, supra*, at 137-38 (including indictment, plea, verdict, and sentence in "record of conviction"); *Matter of Mena*, 17 I&N Dec. 38 (BIA 1979) (considering transcript from proceedings of arraignment in which alien accepted guilty plea as part of "record of conviction"); *Matter of Esfandiary, supra*, at 661 (including charge or indictment, plea, verdict, and sentence in "record of conviction"); *Matter of Ghunaim,* 15 I&N Dec. 269, 270 (BIA 1975) (including charge or indictment, plea, judgment or verdict, and sentence in "record of conviction"). We also consider those documents enumerated in the regulations to be admissible evidence in proving a criminal conviction in any proceeding before an Immigration Judge. *See* 8 C.F.R. § 3.41 (1995).

In finding that the Service had satisfied its burden of establishing deportability, the Immigration Judge considered a transcript from the plea and sentence hearing of the criminal proceedings.[3] That document is a part of the record of conviction and was properly relied on by the Immigration Judge. *See Matter of Mena, supra*; 8 C.F.R. § 3.41(a)(4). The transcript of the plea and sentence hearing includes the following exchange:

Neither party has addressed the issue of whether the indictment could properly have been relied on in determining whether the respondent was convicted of a "firearms offense," and so we will not address it.

> THE COURT: On March 28, 1992, 1:30 in the morning, were you in the area of 28th and Northern Boulevard?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Jackson Heights, Queens?
>
> THE DEFENDANT: Yes.
>
> THE COURT: At that time and place did you have a gun in your pocket?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Was it a handgun or a rifle type of gun?
>
> THE DEFENDANT: Handgun.

Accordingly, the Immigration Judge properly found that, based upon the respondent's record of conviction, the Service established that the respondent had been convicted of a firearms offense, and thus is deportable under section 241(a)(2)(C) of the Act. Therefore, the Service has established deportability by clear, unequivocal, and convincing evidence, as required by *Woodby v. INS*, 385 U.S. 276 (1966); 8 C.F.R. § 242.14(a) (1995).

---

[3] The respondent's criminal indictment charged him with criminal possession of a weapon in the second degree and indicated that he had possessed a handgun. The Immigration Judge refused to rely on that document because the criminal court judge ultimately found that charge to be improper, and reduced the charge to possession of a weapon in the fourth degree.

As further challenge to his conviction, the respondent argues that he was improperly charged. We note first that the respondent pled guilty to the criminal charge, and the record of proceedings indicates that his conviction constitutes a final conviction for immigration purposes. *Matter of Ozkok,* 19 I&N Dec. 546, 551 (BIA 1988); *see also Marino v. INS*, 537 F.2d 686 (2d Cir. 1976). Additionally, collateral attacks upon the respondent's conviction do not operate to negate the finality of his conviction unless and until the conviction is overturned. *See Okabe v. INS,* 671 F.2d 863 (5th Cir. 1982); *Marino v. INS, supra,* at 691-92. Moreover, the Immigration Judge and this Board cannot entertain a collateral attack on a judgment of conviction unless that judgment is void on its face, and cannot go behind the judicial record to determine the guilt or innocence of the alien. Matter of Fortis, 14 I&N Dec. 576, 577 (BIA 1974); *see also Trench v. INS*, 783 F.2d 181 (10th Cir.), *cert. denied*, 479 U.S. 961 (1986); *Avila-Murrieta v. INS*, 762 F.2d 733 (9th Cir. 1985); *Zinnanti v. INS*, 651 F.2d 420 (5th Cir. 1981) (per curiam); *Chiaramonte v. INS*, 626 F.2d 1093 (2d Cir. 1980) (foreign conviction); *Longoria-Castenada v. INS*, 548 F.2d 233 (8th Cir.), *cert. denied*, 434 U.S. 853 (1977); *Aguilera-Enriquez v. INS*, 516 F.2d 565 (6th Cir. 1975), *cert. denied*, 423 U.S. 1050 (1976); *Matter of Danesh, supra; Matter of Khalik, supra*. The respondent's asserted collateral attack of his conviction does not affect his deportability on the facts presently before us.

## II. THE RESPONDENT'S RIGHT TO COUNSEL WAS NOT VIOLATED

We turn next to the respondent's claim that his right to counsel was violated. The right to counsel in immigration proceedings derives from the Due Process clause, the Act, and the regulations promulgated under the Act, and entitles an alien to obtain counsel at his own expense. Sections 242(b)(2), 292 of the Act, 8 U.S.C. §§ 1252(b)(2), 1362 (1994); *Montilla v. INS,* 926 F.2d 162, 166 (2d Cir. 1991); 8 C.F.R. §§ 3.16, 242.10 (1995). Under the regulations, the Immigration Judge must advise the alien of his right to counsel at no expense to the Government, require him to state whether he desires representation, advise him of the availability of free legal services programs, and ascertain that he has received a list of such programs. 8 C.F.R. § 242.16(a) (1995).

We are satisfied from a review of the record that the Immigration Judge complied with his obligations under the statute and the regulations. The respondent received a fair hearing, his right to representation was clearly explained to him, and he was given an opportunity to obtain counsel. The respondent was first apprised of his right to obtain counsel at his own expense in his Order to Show Cause. *See* section 242B(a)(1)(E) of the Act, 8 U.S.C. § 1252b(a)(1)(E) (1994); 8 C.F.R. § 3.15(b) (1995). At the commencement of proceedings on November 14, 1994, the Immigration Judge advised the

respondent of his right to counsel at no expense to the Government, and he provided the respondent with a list of free legal services programs. *See* 8 C.F.R. § 236.2(a) (1995). The hearing then continued as follows:

Q. All right. Now you can either answer questions on your own or you can go ahead — you can have some time to look for an attorney. What do you want to do?

A. I can answer questions on my own.

Q. You think you can answer on your own?

A. Yeah, I think —

Q. You know you might lose the case today? Do you understand that?

A. So that means I'll be taking the test — I mean, the case right now?

Q. If we go ahead with your case today and you answer questions on your own, it's possible that you may lose the case and get an order of deportation today, just based on what you tell me. Do you understand that could happen?

A. Yeah, I'll be going back.

. . .

Q. Well, look. Here's the situation. I can't be your lawyer. Either — if you want to, you can answer questions on your own today, of if you want to, you can have time to look for an attorney. If you answer questions today and I see that there's some doubt that maybe having a lawyer would help you avoid deportation, I'm willing to consider giving you another chance for that. So, if you want to answer some questions now and we see what the situation is, that's fine with me. Is that all right?

A. Yes.

At that point, the Immigration Judge began the proceedings. We find that the respondent agreed to proceed at the hearing without counsel. The Immigration Judge provided the respondent with an opportunity to have his case continued so that he could obtain counsel, and he chose not to do so. Further, the Immigration Judge made clear to the respondent that he would consider a continuance should it appear from the initial proceedings that an attorney would be helpful. The respondent never requested a continuance to obtain counsel.

Moreover, the Immigration Judge continued proceedings on November 14, 1994, at the Service's request, and he indicated at that time that the respondent could use the continuance to obtain counsel. The Immigration Judge indicated that "[i]f you do get a lawyer, you should have the lawyer here and ready to go ahead with the case." When the proceedings reconvened on February 3, 1995, the Immigration Judge asked the respondent whether he had tried to find an attorney. The respondent indicated that he had tried but none of the attorneys he contacted had responded. The Immigration Judge then interviewed the respondent's father about whether he had been able to

find an attorney for his son. The respondent's father confirmed that his wife had tried to contact an organization to represent him, but was unable to secure an attorney.

On February 3, 1995, the Immigration Judge again continued proceedings at the Service's request, and advised the respondent's father that he could use the continuance to make additional efforts to secure an attorney. When the Immigration Judge reconvened proceedings on June 14, 1995, he asked the respondent whether he expected an attorney to represent him, and the respondent indicated that he had been unable to obtain representation.

We find that the respondent had sufficient opportunity to assert his desire to be represented by an attorney and to obtain an attorney. His proceedings took place over 7 months, which is sufficient time to attempt to secure counsel. Accordingly, we find that the Immigration Judge satisfied his statutory and regulatory obligations to inform the respondent of his right to counsel, and to give him an opportunity to obtain counsel. *See, e.g., Hidalgo-Disla,* 52 F.3d 444 (2d Cir. 1995); *cf. Montilla v. INS, supra,* at 169-170 (holding that respondent's right to counsel was violated where he never indicated a willingness to proceed without counsel).

## III. CONCLUSION

The transcript from the criminal plea and sentence proceedings is a part of the record of conviction. 8 C.F.R. § 3.41(a)(4); *cf. Matter of Mena, supra.* As such, the record of conviction clearly indicates that the respondent's conviction is a "firearms offense" under section 241(a)(2)(C) of the Act. Deportability has been established by clear, unequivocal, and convincing evidence.

The respondent's conviction for a "firearms offense" renders him statutorily ineligible for relief under section 212(c) of the Act, 8 U.S.C. § 1182(c) (1994). *Matter of Esposito*, 21 I&N Dec. 1 (BIA 1995); *Matter of Chow*, 20 I&N Dec. 647, *aff'd*, 12 F.3d 34 (5th Cir. 1993). There is no indication in the record that the respondent is statutorily eligible for any other form of relief from deportation. For example, there is no indication that the respondent is married or that either of his parents is a United States citizen.

Moreover, the respondent's right to counsel was not violated, because the Immigration Judge properly informed him of his right to counsel and provided him with adequate opportunity to obtain counsel.

Accordingly, the appeal will be dismissed.

**ORDER:**     The appeal is dismissed.