**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1457**

HASSANE LASRI,

   Petitioner,

 v.

WILLIAM P. BARR, Attorney General,

   Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: April 4, 2019           Decided: April 11, 2019

Before WILKINSON and KING, Circuit Judges, and DUNCAN, Senior Circuit Judge.

Petition dismissed by unpublished per curiam opinion.

Adina Appelbaum, CAPTIAL AREA IMMIGRANTS' RIGHTS COALITION, Washington, D.C.; Evan M. Tager, Matthew A. Waring, MAYER BROWN LLP, Washington, D.C., for Petitioner. Joseph H. Hunt, Assistant Attorney General, Terri J. Scadron, Assistant Director, Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hassane Lasri, a native and citizen of Morocco, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's decision finding that Lasri was removable for having two or more convictions for crimes involving moral turpitude and was statutorily ineligible for cancellation of removal. 8 U.S.C. §§ 1227(a)(2)(A)(ii), 1229b(d)(1) (2012). Lasri asserts that his Virginia conviction for misdemeanor fraud, Va. Code Ann. § 18.2-188 (LexisNexis 2014), is not categorically a crime involving moral turpitude. He contends that the act for which he was convicted--a de minimis taking of food--is not turpitudinous and that Virginia Code section 18.2-188 does not categorically require a turpitudinous mens rea.

"An appellate court can 'review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right.'" *Kporlor v. Holder*, 597 F.3d 222, 226 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(d), (d)(1) (2012)). The "alien must raise each argument to the [Board] before we have jurisdiction to consider it." *Id.* (internal quotation marks omitted). In his administrative proceedings, Lasri did not raise the issue of whether the act of a de minimis taking of food is turpitudinous. Therefore, the only issue that we may reach on appeal is whether Lasri's conviction carried the mens rea of a CIMT. Lasri conceded that his conviction included an intent to defraud or cheat. However, our precedent makes clear that "crimes in which fraud was an ingredient have always been regarded as involving moral turpitude." *Kporlor*, 597 F.3d at 225; *see Matter of Bart*, 20 I. & N. Dec. 436, 437 (BIA 1992) (holding that crimes requiring an intent to defraud are CIMTs).

2

Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DISMISSED*