**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARVIN GEOVANI ZUNIGA JOHNSON, | No. 22-1114 |
| Petitioner, | Agency No. A094-297-137 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2023**
Pasadena, California

Before: WARDLAW, CHRISTEN, and SUNG, Circuit Judges.

Marvin Geovani Zuniga Johnson, a native and citizen of Honduras,

petitions for review of the denial of his application for withholding of removal.

After an immigration judge (IJ) denied his application, the Board of

Immigration Appeals (BIA) dismissed his appeal. Another panel of this court

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

remanded to the BIA to address, among other things, whether the facts and circumstances of Zuniga Johnson's underlying conviction justified the presumption of dangerousness. On remand, the BIA concluded that Zuniga Johnson presented a danger to the community and dismissed the appeal. Because the parties are familiar with the facts, we do not restate them here. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

We review for abuse of discretion the agency's particularly serious crime determination. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006).

On remand, the agency did not abuse its discretion in determining that Zuniga Johnson's conviction under California Penal Code § 261.5(c) was a particularly serious crime that barred him from eligibility for withholding of removal because it applied the appropriate factors to weigh the seriousness of the crime in a case-specific inquiry. *See Avendano-Hernandez*, 800 F.3d at 1077 ("Our review is limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach [its] conclusion." (internal quotation marks, citations, and alteration omitted)); *see also* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2).

To determine whether a crime is particularly serious, the BIA applies *Matter of Frentescu,* 18 I. & N. Dec. 244 (BIA 1982), and asks if "the nature of the conviction, the underlying facts and circumstances and the sentence

imposed justify the presumption that the convicted immigrant is a danger to the community." *Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011) (en banc). Here, the agency considered: (1) Zuniga Johnson's and the victim's ages; (2) the absence of any preexisting romantic relationship between them; (3) Zuniga Johnson's admission that he suspected the victim was underage; (4) the state's burden to prove that he "did not reasonably and actually believe" the victim was 18 or older; and (5) his felony conviction and sentence to imprisonment for 365 days. The BIA concluded that in light of "the nature of the conviction, the underlying facts and circumstances and the sentence imposed . . . [,] the presumption that [Zuniga Johnson] is a danger to the community is justified." The BIA then considered Zuniga Johnson's arguments, including his assertions that he was induced by his attorney to accept the plea deal and that he had a good faith belief the victim was not a minor, but the BIA ultimately found that Zuniga Johnson failed to overcome the presumption of dangerousness. Because the agency applied the correct legal framework and based its decision on proper evidence, it did not abuse its discretion.

Zuniga Johnson's remaining arguments are without merit. The agency permissibly relied on the record of Zuniga Johnson's guilty plea and conviction. *See, e.g.*, *Ocon-Perez v. INS*, 550 F.2d 1153, 1154 (9th Cir. 1977) (per curiam) (explaining that immigration authorities have "no power to adjudicate the validity of state convictions underlying deportation proceedings"); *Matter of*

*Madrigal-Calvo*, 21 I. & N. Dec. 323, 327 (BIA 1996) ("[T]he Immigration Judge and this Board cannot entertain a collateral attack on a judgment of conviction unless that judgment is void on its face, and cannot go behind the judicial record to determine the guilt or innocence of the alien."). Zuniga Johnson presented no other evidence to rebut the presumption of dangerousness, and his remaining arguments ask us to reweigh the facts and circumstances of his conviction, which we lack jurisdiction to do. *See Avendano-Hernandez*, 800 F.3d at 1077.

   **PETITION DENIED.**[1]

---

[1]     Zuniga Johnson's motion to stay removal (Dkt. 9) is denied and the temporary stay of removal remains in place until issuance of the mandate, *see* General Order 6.4(c).