**Roberto DE GUZMAN, AKA Roberto M. De Guzman, AKA Roberto Mercardo De Guzman, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 14-73167**

United States Court of Appeals, Ninth Circuit.

Submitted December 18, 2017 *

Filed December 20, 2017

Stephen Carl Woodruff, Saipan, MP, for Petitioner

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

·Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, OIL, Arthur Leonid Rabin, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

MEMORANDUM **

Roberto De Guzman, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo due process challenges to an order of removal. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

We lack jurisdiction to consider De Guzman's contentions regarding the validity of the plea agreements in his criminal cases because these contentions function as an impermissible collateral attack upon his convictions. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011) (holding that petitioner could not collaterally attack his state court conviction on a petition for review of a BIA decision).

Similarly, the BIA did not err in citing to *Matter of Madrigal*, 21 I. & N. Dec. 323, 327 (BIA 1996), to state that a collateral attack on his convictions in removal proceedings does not affect the finality of them for immigration purposes. *See Planes v. Holder*, 652 F.3d 991, 996 (9th Cir. 2011); *see also Matter of Cuellar-Gomez*, 25 I. & N. Dec. 850, 854-55 (BIA 2012)

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

(alien's conviction remained effective for immigration purposes in the absence of vacatur by the state court, even based on a contention that the requirements of *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), were not met, because it is well settled that the agency cannot entertain collateral attacks on state court judgments).

We reject De Guzman's contention that the BIA violated due process in dismissing his appeal in a decision by a single member, where his notice of appeal did not present a circumstance warranting review by a three-member panel. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir. 2003) ("it does not violate the Due Process Clause for one member of the BIA to decide an alien's administrative appeal.").

We lack jurisdiction to review De Guzman's unexhausted contentions regarding whether CW-1 status constitutes "entry" under 8 U.S.C. § 1227(a)(1)(A), whether the federal immigration laws were permissively retroactively applied to the Commonwealth of the Northern Mariana Islands ("CNMI"), that the IJ failed to consider the transition of federal immigration control in the CNMI, that the IJ failed to properly consider his pro se status, and that the IJ arbitrarily changed his ruling regarding voluntary departure. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to review claims not presented in proceedings before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.